OPINION
{¶ 1} On October 26, 2004, appellant, Thomas Phillips, was charged with assault in violation of R.C. 2903.13. Said charge arose from the assault of Jack and Jeff DeLong by multiple individuals on June 13, 2004. Other individuals were also charged.
 {¶ 2} A jury trial commenced on January 12, 2005. The jury found appellant guilty as charged. By indirect sentence judgment order filed January 13, 2005, the trial court sentenced appellant to one hundred eighty days in jail, ninety suspended, and ordered appellant to pay restitution in the amount of $3,400.00.
 {¶ 3} On January 28, 2005, appellant filed a motion for hearing on restitution. A hearing was held on February 10, 2005. By judgment entry filed March 2, 2005, the trial court again ordered appellant to pay $3,400.00 in restitution.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED ON SENTENCING WHEN IT ORDERED RESTITUTION AND IT WAS NOT PROVEN BY PREPONDERANCE OF THE EVIDENCE THAT THE AMOUNT OF RESTITUTION SOUGHT WAS REASONABLE AND NECESSARY."
 II {¶ 6} "THE TRIAL COURT ERRED WHEN IT ASSIGNED A DISPROPORTIONATE AMOUNT OF RESTITUTION TO THE DEFENDANT WHEN THE EVIDENCE AT TRIAL SHOWED THAT THERE WERE MULTIPLE PERSONS CAUSING DAMAGE AND THERE WAS NO EVIDENCE THAT THE APPELLANT CAUSED DAMAGE TO ONE OF THE VICTIMS."
 I {¶ 7} Appellant claims the trial court's order of restitution was not proven by the preponderance of the evidence that the amount was reasonable and necessary. We disagree.
 {¶ 8} A trial court is authorized to order restitution by an offender to a victim in an amount based upon the victim's economic loss. R.C. 2929.28(A)(1). The burden of assessing the amount of restitution falls on the trial court, not the probation department. State v. Moore, Carroll App. No. 00AP0741, 2002-Ohio-5047. The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty. State v. Gears (1999), 135 Ohio App.3d 297. A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered. State v. Williams (1986),34 Ohio App.3d 33.
 {¶ 9} During the restitution hearing, defense counsel did not contest the amount of damages sustained by the victims. Instead, defense counsel argued appellant should only be responsible for the damages associated with one of the victims because he only assaulted one person. T. at 4-7, 10-15.
 {¶ 10} Appellant failed to object to the amount of the restitution order thereby waiving all but plain error with respect to the amount. State v. Gears (1999),135 Ohio App.3d 297. A plain error in the proceedings that affects a substantial right may be noticed even though the defendant failed to bring the error to the attention of the court. Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 11} According to the restitution hearing transcript, the total damages suffered by the victims amounted to $6,262.85. T. at 5-6. The original sentence of January 13, 2005 ordered appellant to pay $3,400.00. A transcript from the original sentencing hearing was not presented for our review; therefore, we are unable to review the trial court's reasoning for settling on the $3,400.00 amount. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 12} Assignment of Error I is denied.
 II {¶ 13} Appellant claims the trial court improperly employed the "joint and severable" tort liability standard to criminal restitution. We disagree.
 {¶ 14} It is important to note that the trial court judge who held the restitution hearing and imposed the order was not the same judge who tried the case. T. at 10. Appellant argues under the facts tried to the jury, he should be responsible for the economic loss incurred by Jack DeLong only, not both Jack and Jeff DeLong. Although the parties argued the facts of the case, a transcript of the jury trial was not provided to the sentencing judge or to this court.
 {¶ 15} At best, the transcript of the restitution hearing establishes a fight occurred wherein appellant participated and assaulted both victims. T. at 12. Appellant was unquestionably part of the milieu and may not have personally assaulted both; however, his involvement aided and abetted in the assault of both victims. Further, the charging document claims appellant "participated in an attack upon Jack and Jeff DeLong." The jury's verdict found appellant "[g]uilty of the offense charge in the complaint."
 {¶ 16} Without commenting on the method employed in splitting the damages, and based solely upon the lack of a transcript, the language of the complaint and the jury verdict, we find the trial court did not err in determining the amount of damages should be shared jointly and severally by the defendants.
 {¶ 17} Assignment of Error II is denied.
 {¶ 18} The judgment of the Ashland Municipal Court of Ashland County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court of Ashland County, Ohio is affirmed.