The STATE of Ohio, Appellee,

v.

GEARS, Appellant.

[Cite as *State v. Gears* (1999), 135 Ohio App.3d 297.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–98–1422.

Decided Oct. 29, 1999.

*Julia R. Bates*, Lucas County Prosecuting Attorney, and *Mark T. Herr*, Assistant Prosecuting Attorney, for appellee.

*Catherine G. Hoolahan*, for appellant.

*Jeffrey M. Gamso*, urging reversal for *amicus curiae*, Maumee Valley Criminal Defense Lawyers Association, Inc.

MELVIN L. RESNICK, Judge.

Appellant, Danny J. Gears, Jr., appeals from that portion of the judgment entry by the Lucas County Court of Common Pleas requiring him to surrender his personal jewelry as restitution to the victim of his crime. We reverse.

In August 1998, appellant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree, for the theft of jewelry and personal property from the victim's residence. On September 23, 1998, appellant entered a plea of guilty to the offense of burglary, a violation of R.C. 2911.12(A)(3), a felony of the third degree.

At appellant's sentencing hearing, the trial court read the victim's impact statement, which stated that the jewelry and jewelry box taken from her by appellant had sentimental value and were never recovered. The judge then engaged in the following colloquy with appellant:

"THE COURT: What are you wearing around your neck?

"THE DEFENDANT: A necklace my ex-girlfriend gave me.

"THE COURT: Your girlfriend gave it to you. Does it have sentimental value?

"THE DEFENDANT: Yes, Ma'am."

She then ordered appellant to forfeit the necklace and other jewelry he was wearing as restitution.

The court's sentencing order imposes three years of community control, conditioned upon a six-month term at a correctional treatment facility. The court also conditioned community control on restitution, stating: "Restitution satisfied by [$]50.00 payment plus defendant's jewelry taken on date of sentence."

Appellant asserts the following assignments of error:

"The confiscation of defendant's personal property as a term and condition of sentencing to community control is not authorized by statute."

"The confiscation of defendant's personal property as restitution is not authorized by statute."

"The unauthorized confiscation of defendant's personal property is a taking of property without due process."

In addition, *amicus curiae*, the Maumee Valley Criminal Defense Lawyers Association, Inc., filed a brief in support of appellant's position.

■ We note at the outset that appellant failed to object to the confiscation of his personal jewelry and to the court's failure to determine the amount of the victim's damage arising from his offense. Nevertheless, Ohio appellate courts recognize restitution-based sentencing errors under the plain error doctrine. *State v. Marbury* (1995), 104 Ohio App.3d 179, 661 N.E.2d 271; *State v. DiJohn* (May 14, 1999), Lucas App.No. L–98–1295, unreported, 1999 WL 299555; *State v. Johnson* (June 30, 1999), Auglaize App.No. 2–98–39, 1999 WL 455301; *State v. Clark* (June 19, 1998), Greene App.No. 97–CA–26, unreported, 1998 WL 321305. We shall therefore consider appellant's alleged restitution-based sentencing errors. In addition, because the assignments are interrelated, we shall discuss all of appellant's assignments of error, as well as the arguments of *amicus,* together.

Unless a specific sanction must be imposed or is precluded from being imposed pursuant to law, a trial court has the discretion to impose any sanction or combination of sanctions provided in R.C. 2929.14 through 2929.18. R.C. 2929.13(A). As applicable to this case, R.C. 2929.15(A) provides that "the court may directly impose a sentence that consists of one or more community control sanctions." A community control sanction is a sanction that is not a prison term, R.C. 2929.01(F), and may consist of (1) community control, R.C. 2929.15; (2) residential sanctions, R.C. 2929.16; and (3) financial sanctions, R.C. 2929.18.

■ A reading of these statutes reveals a total lack of any intent to authorize in-kind restitution. As aptly observed by *amicus:*

"[T]he law does not provide that because the victim may have lost items of sentimental value the offender may be deprived of items of sentimental value. Restitution as penalty is a financial rather than moral sanction. It is for that

reason that the section of the Revised Code addressing restitution for felony offenses is captioned 'Financial sanctions.' R.C. 2929.18."

Thus, we conclude that as a matter of law, the common pleas court lacked the authority to order appellant to surrender his personal jewelry as restitution.

Turning to R.C. 2929.18(A)(1), that statute allows a trial court to order an offender to pay restitution to the victim of the offender's crime "in an amount based on the victim's economic loss." Thus, restitution is limited to the actual loss caused by the defendant's criminal conduct for which he was convicted. *State v. Brumback* (1996), 109 Ohio App.3d 65, 82, 671 N.E.2d 1064, 1074–1075. Moreover, the court must engage in a "due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." *State v. Marbury*, 104 Ohio App.3d at 181, 661 N.E.2d at 271–272. The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty. *State v. DiJohn, supra.*

Here, the court failed to follow any of the procedures necessary to determine that any amount of restitution imposed bore a reasonable relationship to the loss suffered by the victim. Consequently, all three of appellant's assignments of error are found well taken.

The judgment of the Lucas County Court of Common Pleas as to the imposition of restitution as part of appellant's sentence is reversed and vacated. This cause is remanded to that court for a hearing to permit the court to ascertain an appropriate award of restitution. Appellee is ordered to pay the costs of this appeal.

*Judgment accordingly.*

SHERCK and KNEPPER, JJ., concur.