DECISION AND JUDGMENT ENTRY
{¶ 1} William E. Johnson appeals the restitution portion of the sentence imposed upon him by the Washington County Court of Common Pleas. Johnson contends that the record does not contain competent, credible evidence to support the amount of the restitution order. Because we find that the record contains some competent, credible evidence to support the restitution awards to Wesbanco and Bank One, we disagree in part. However, because the evidence in the record does not support the award to Citizen's Bank, we agree in part. Accordingly, we affirm in part and reverse in part the judgment of the trial court, and remand this case for further proceedings consistent with this opinion.
 I {¶ 2} In January 2002, Johnson robbed three Washington County banks: Wesbanco, Bank One, and Citizen's Bank. Johnson had $1,440 wrapped in paper similar to the wrapping of the money taken from Wesbanco at the time of his arrest. The Washington County Grand Jury indicted Johnson on three first-degree felony counts of aggravated robbery with firearm specifications, and one fourth-degree felony count of theft. Pursuant to a plea agreement, the State amended one of the aggravated robbery charges to a second-degree felony charge of robbery and Johnson pled guilty. The State agreed to dismiss the remaining charges at sentencing if Johnson complied with the terms of his bond. Johnson agreed to make restitution to the victims of all three bank robberies.
 {¶ 3} In the interview used to prepare Johnson's presentence investigation report, Johnson told the interviewing officer that he stole around $25,000 from Wesbanco, and that he stole approximately $2,200 from Bank One. With respect to the Citizen's Bank robbery, Johnson told the interviewing officer that he had given his co-conspirator between $500 and $600 dollars from the crime, and that he gave his brother several hundred dollars.
 {¶ 4} Johnson absconded to West Virginia and failed to appear at his sentencing hearing. Consequently, the State did not dismiss the other charges. After his arrest in West Virginia, Johnson sought to withdraw his guilty plea. The trial court denied his motion to withdraw the plea, and sentenced Johnson. As part of the sentence, the trial court ordered Johnson to pay $23,329 to the victim of count three, Wesbanco. Through counsel, Johnson affirmed to the court that he had no objections to the procedures or findings of the court with respect to his sentence.
 {¶ 5} Johnson reached a plea agreement with the State on the remaining charges, and agreed that the court could sentence him based on the same presentence investigation report prepared with regard to his initial plea. At the sentencing hearing, the court noted that Bank One requested $2,000 in restitution. Additionally, the State informed the court that Citizen's Bank advised that Johnson stole $5,305, and that it had received $305 from its insurance company after it paid its $5,000 deductible. Johnson did not dispute either amount. The court sentenced Johnson, and included an order that Johnson pay $2,000 in restitution to Bank One and $5,305 in restitution to Citizen's Bank. Johnson entered no objections.
 {¶ 6} Johnson appeals, asserting the following assignment of error: "The trial court erred by imposing a restitution award the evidence did not support."
 II {¶ 7} Johnson's sole assignment of error relates to the amount of the trial court's restitution order. Johnson concedes that he did not object to the amount of the restitution during the sentencing.
 {¶ 8} Johnson contends that he did not need to object to the amount of restitution in the trial court in order to preserve the error for our review. He argues that plain error analysis does not apply to sentencing errors because sentences may be appealed on the grounds that they are contrary to law. Johnson does not attempt to explain his reasoning or offer any support for his contention. We explicitly applied the plain error analysis to find that a sentence was contrary to law in State v. Shinn
(June 14, 2000), Washington App. Nos. 99CA29 and 99CA35. See, also, State v. Rangel (2000), 140 Ohio App.3d 291, 296-297. Moreover, numerous other courts have held specifically that when an offender fails to object to the restitution order, he waives all but plain error with respect to that order. Gears at 299;State v. Bemmes, Hamilton App. No. C-010522, 2002-Ohio-1905;Dayton v. Santos (Jan. 12, 2001), Montgomery App. No. 18324;State v. Agnes (Oct. 6, 2000), Lake App. No. 99-L-104. Furthermore, R.C. 2929.18(A)(1) explicitly provides that a trial court need not hold a hearing on restitution unless the victim or offender disputes the amount.
 {¶ 9} Since Johnson did not dispute the amount of restitution owed or object to the trial court's restitution order, we review the restitution order for plain error. When a criminal defendant fails to object to an error at trial, he waives that error unless it affects a substantial right. Crim.R. 52(B). A plain error in the proceedings that affects a substantial right may be noticed even though the defendant failed to bring the error to the attention of the court. Id. The Supreme Court of Ohio has cautioned that "notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 10} R.C. 2929.18(A)(1) authorizes a trial court to order an offender to pay restitution to a victim, or to a third party in an amount paid to the victim, in an amount based upon the victim's economic loss. R.C. 2929.18(A)(1); State v. Sommer,154 Ohio App.3d 421, 424, 2003-Ohio-5022 at ¶ 12. "The court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.18(A)(1). As we noted above, the court only needs to hold a hearing on restitution if the offender or victim disputes the amount. Id. However, the amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty. Sommer at ¶ 12; State v. Gears (1999),135 Ohio App.3d 297, 300.
 {¶ 11} A trial court abuses its discretion when it orders restitution in an amount that has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense. State v. Martin,140 Ohio App.3d 326, 2000-Ohio-1942; State v. Williams (1986),34 Ohio App.3d 33, 34. Additionally, a trial court exceeds its authority when it orders an offender to pay restitution to a victim without considering the offset of the victim's loss by an insurer. Martin at 337, citing R.C. 2929.18(A)(1).
 {¶ 12} Here, the presentence investigation report contains information to support the restitution award to Wesbanco. Specifically, Johnson admitted to taking approximately $25,000 from Wesbanco, and Johnson had $1,440 wrapped in paper similar to the wrapping of the money taken from Wesbanco at the time of his arrest. Additionally, the transcript from the Wesbanco sentencing hearing indicates that Wesbanco requested $23,329 in restitution. Johnson did not object to the trial court's procedures or findings in entering its restitution order for $23,329. We find that the record contains some competent, credible evidence to establish that the amount ordered bears a reasonable relationship to the victim's actual economic loss.
 {¶ 13} Additionally, the presentence investigation report in this case reveals Johnson's admission that he stole approximately $2,200 from Bank One. At the sentencing hearing on the Bank One robbery, the court indicated that it had been advised that Johnson owed $2,000 in restitution. The trial court ordered Johnson to pay $2,000 in restitution to Bank One, and Johnson did not enter any objection. We find that the record contains some competent, credible evidence to establish that the amount ordered bears a reasonable relationship to the victim's actual economic loss.
 {¶ 14} Finally, the presentence investigation report indicates that Johnson gave five to six hundred dollars to his accomplice in the Citizen's Bank robbery, and that he gave his brother several hundred dollars from the Citizen's Bank robbery. The sentencing hearing transcript indicates that Citizen's Bank claimed that Johnson stole $5,305 from it, and that it received $305 from its insurance company after its $5,000 deductible. The trial court ordered Johnson to pay $5,305 in restitution to Citizen's Bank. Although Johnson entered no objection to this award, the trial court did not possess statutory authority to order restitution above the amount of economic loss actually incurred by the victim. Martin, supra. The record indicates that Citizen's Bank suffered only $5,000 in economic harm. Thus, we find that the trial court committed plain error in ordering Johnson to pay $5,305 to Citizen's Bank. However, Johnson will not get off the hook for a portion of his ill-gotten gain because Johnson will need to make restitution to Citizen Bank's insurer. On this limited basis, we sustain Johnson's assignment of error.
 {¶ 15} Johnson contends that if we vacate the trial court's restitution order, we should remand this case to the trial court with instructions to determine the proper amount of restitution for each of the three banks. Specifically, Johnson contends that if the Citizen's Bank loss was offset by insurance, it is reasonable to assume that the other banks' losses were also offset by insurance. We disagree. As we noted above, the record contains evidence that the restitution orders bear a reasonable relationship to the losses suffered in the Wesbanco and Bank One robberies, and Johnson did not dispute the amount of restitution or raise the issue of an insurance offset in the trial court.
 {¶ 16} Additionally, Johnson asserts that neither this court nor the trial court may order him to pay restitution to Citizen's Bank's insurer. Johnson contends that because he only agreed to pay restitution to "the three victims" in his plea agreement, that he cannot now be held accountable for restitution to a victim's insurer. We disagree. Even if we agreed that the plea agreement intended to limit Johnson's restitution obligations to the three banks, it is well established that a trial court need not abide by the sentencing recommendation contained in a plea agreement. State v. Darmour (1987), 38 Ohio App.3d 160, 161. R.C. 2929.18(A)(1) specifically authorizes the trial court to order restitution to a third party such as the victim's insurer.
 {¶ 17} In sum, we overrule Johnson's assignment of error with respect to the restitution orders regarding the Wesbanco and Bank One robberies. We sustain Johnson's assignment of error and vacate the trial court's judgment to the extent that the court ordered restitution to Citizen's Bank in an amount greater than Citizen's Bank's actual economic loss. Therefore, we vacate the portion of the trial court's restitution order relating to Citizen's Bank, and remand with instructions to determine the statutorily authorized amount of restitution owed to Citizen's Bank and to Citizen's Bank's insurer.
Judgment affirmed in part and reversed in part.
Abele, J., concurs in judgment and opinion.
Evans, J., not participating.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED IN PART AND AFFIRMED IN PART, and the cause remanded to the trial court for the trial court to enter a new sentence consistent with this opinion, and Appellant and Appellee to split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Evans, J.: Not Participating.