OPINION
{¶ 1} Appellant Robert Kreischer appeals from an order of restitution following his conviction for felonious assault in the Court of Common Pleas, Perry County. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 22, 2000, the Perry County Grand Jury indicted appellant on one count of felonious assault in violation of R.C.2903.11(A)(1), a felony of the second degree. Appellant pled not guilty, and the matter proceeded to a jury trial. Evidence showed that as a result of the assault, the victim, Terry Wooten, suffered hearing loss in his left ear and a "mild, high-frequency sensory neural hearing loss" in his right ear. Trial Tr. at 108. In addition, Wooten's left facial bone was broken, and he may suffer permanent loss of some of his vision.
 {¶ 3} Following a jury trial, appellant was found guilty of felonious assault. On March 12, 2001, appellant was sentenced to two years in prison and ordered to make restitution to Wooten, in the amount of $9,163.16. Appellant appealed from his original conviction and sentence. This Court reversed in part, holding that the amount of the restitution was not supported by competent, credible evidence. See State v. Kreischer, Perry App. No. 01-CA-04, 2002-Ohio-357.
 {¶ 4} Upon remand, the trial court conducted an evidentiary hearing on September 3, 2003, on the issue of restitution. Appellant conceded to court-ordered restitution of $2,481.31 for out-of-pocket medical expenses incurred by the victim. However, in a judgment entry dated October 24, 2003, the court ordered total restitution to the victim in the amount of $17,046.07 ($2,481.31 in out-of-pocket medicals, plus $18,174.10 in utilized sick leave, less a Victims of Crime payment of $3,609.34). In addition, the court ordered restitution to Anthem Blue Cross/Blue Shield in the amount of $20,323.92, for an aggregate sum of $37,369.99.
 {¶ 5} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. The trial court's order of restitution in the amount of $37,369.99 is contrary to law and not supported by the record.
 I. {¶ 7} In his sole Assignment of Error, appellant contends the trial court erred in ordering restitution of $37,369.99. We agree in part.
 Restitution to Victim's Insurance Carrier {¶ 8} Appellant first posits that R.C. 2929.18(A)(1) does not require appellant to reimburse Anthem Blue Cross/Blue Shield, Wooten's insurance carrier, for its contractually-obligated payments to the health care providers which assisted Wooten.
 {¶ 9} A trial court is authorized to order restitution by a felony offender to a victim in an amount based upon the victim's economic loss. R.C. 2929.18(A)(1); State v. Martin (2000),140 Ohio App.3d 326, 337. An order to pay restitution is a final appealable order. State v. Caudill, Ashland App. No. 03-COA-031, 2004-Ohio-2803.[1] R.C. 2929.18(A)(1), as written at the time of the hearing on September 3, 2003, provided, in pertinent part, that a court "may include a requirement that reimbursement be made to third parties for amounts paid to * * * the victim * * * for economic loss resulting from the offense." A number of appellate courts in Ohio have concluded that R.C. 2929.18(A)(1) allows for court-ordered restitution to insurance companies (other than the offender's own insurance carrier) that have paid victims for their losses. See State v. Martin, supra, (Fourth District); State v. Burgin, Hamilton App. No. C-C-020755, 2003-Ohio-4963 (First District); State v. Call, Marion App. No. 9-04-29, 2004-Ohio-5645 (Third District); State v. Cooper, Lake App. No. 2002-L-091, 2004-Ohio-529 (Eleventh District).
 {¶ 10} Although appellant contends that permitting such third-party reimbursement as per Martin, supra, creates a "windfall," we find no merit in his argument. Certainly, Ohio courts are frequently engaged in resolving civil cases wherein victims' insurance companies seek reimbursement against tortfeasors, with no concern that such recovery per se constitutes a windfall. Moreover, as the State notes, it is difficult to conceive that the General Assembly would have intended to exempt certain felons from paying for damages incurred during the commission of their crimes, simply because some victims are prudent enough to carry insurance.
 Restitution of Victim's Used Sick Leave {¶ 11} Appellant further challenges the trial court's restitution of Wooten's loss via his use of sick leave from employment.
 {¶ 12} The amount of court-ordered restitution under R.C.2929.18(A)(1) must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty. State v. Aliance, Franklin App. No. 03AP-840, 2004-Ohio-3730, citing State v. Gears (1999),135 Ohio App.3d 297, 733 N.E.2d 683. In the case sub judice, Wooten, a United States Postal Service employee, testified that he used sick leave in the amount of $18,174.10. Tr. at 10-12. Since he was compensated for sick time at his regular rate of compensation, there was no true "lost wages" issue as to his regular pay. Instead, the trial court was presented with questions of whether Wooten had to forego overtime pay, and what effect the draw on his bank of sick time would have on his retirement benefits and his accrued sick time "cash-out" at the future end of his employment.
 {¶ 13} In regard to the overtime issue, Wooten was asked on cross-examination if there was "any documentation reflecting what you lost, actually were out for not being able to work overtime?" Tr. at 13. Wooten replied: "No, I don't think so." Id. Additionally, from the figures utilized by the trial court, it does not appear overtime was recognized in the restitution award.
 {¶ 14} Concerning the issue of sick time, both Wooten and his postal supervisor, Patrick LaRosa, stated that accrued sick leave resulted in a collateral benefit that allowed an employee to retire sooner when added to the employee's service credit time. However, although general references were made to a formulation for this benefit, no specific quantification was presented to the court. Likewise, neither Wooten nor LaRosa could give quantitative evidence as to the effect of the loss of accrued leave on Wooten's potential pension payout. LaRosa stated, for example: "There — there — it — it's a pretty complicated formula. We have employees that work in our personnel department that are responsible for that. It — it is a pretty good deal. That's why they — they switched over to a new federal program where, you know, someone that is coming after — when the program switched, such as myself, none of that — you don't get to include any — any of that sick leave." Tr. at 46. Finally, although Wooten at one point mentioned the possibility of "cashing out" one's sick leave, he was uncertain on cross-examination as to what percentage penalty would be assessed for such a withdrawal, or even if he qualified to elect a cash-out at all. Tr. at 16-17.
 {¶ 15} Accordingly, upon review, although we find no error in the award of $20,323.92 to Anthem Blue Cross/Blue Shield, we find the record failed to provide sufficient evidence for the court to calculate Wooten's sick time restitution to a reasonable degree of certainty, and since he was compensated via sick leave benefits by the USPS dollar-for-dollar for lost regular wages, the restitution award of $17,046.07 to Wooten was in error. SeeState v. Brumback (1996), 109 Ohio App.3d 65, 82 (noting that restitution is limited to actual losses caused by a defendant's crime). It is incumbent upon the state in seeking restitution in a criminal case to provide sufficient evidence to support such an award.
 {¶ 16} Therefore, appellant's sole Assignment of Error is overruled in part and sustained in part.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby affirmed in part and reversed in part. The matter is remanded to the trial court with directions to enter an award of restitution of $20,323.92 to Anthem Blue Cross/Blue Shield, and an award of restitution of $2,481.31 to Terry Wooten for out-of-pocket medical costs. We additionally direct the trial court to order restitution by appellant to the Victims of Crime Fund of $3,609.34,
Wise, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and the State of Ohio.
[1] We thus decline to follow the position regarding the non-finality of restitution orders set forth in the majority opinion in State v. Danison, Ashland App. No. 03 COA 021, 2003-Ohio-5924.