THE STATE OF OHIO, APPELLEE, *v.* KREISCHER, APPELLANT.

[Cite as *State v. Kreischer,* 109 Ohio St.3d 391, 2006-Ohio-2706.]

(Nos. 2005–0216 and 2005–0412—Submitted December 13, 2005—Decided June 14, 2006.)

O'DONNELL, J.

{¶ 1} This case calls for our review of a former version of R.C. 2929.18(A)(1). Hence, our resolution of this case will likely affect only those cases arising prior to the June 1, 2004 effective date of the statutory change, because on that date, the legislature amended R.C. 2929.18 to delete all references to restitution for third parties. See 2003 Sub.H.B. No. 52.

{¶ 2} Specifically, this case is presented to us as a certified conflict between holdings of the courts of appeals on the question of whether a trial court may order a convicted defendant in a criminal case to pay restitution to a third-party insurer for medical costs it paid to the victim of a crime. We also review the case upon our acceptance of a discretionary appeal.

{¶ 3} This case began on May 28, 2000, when Terry Wooten attempted to drive to his cabin located off Pole Cat Road in a remote part of Perry County, Ohio, which is adjacent to the property of Robert Kreischer. At that time, a vehicle belonging to an acquaintance of Kreischer blocked the road, causing Wooten to demand that Kreischer move the vehicle. Following a verbal confrontation, Kreischer and Wooten fought. As a result, Wooten suffered a fractured facial bone, decreased vision in his left eye, and partial hearing loss. A grand jury subsequently indicted Kreischer on one count of felonious assault, and a jury convicted him of that charge. The trial court sentenced Kreischer to a term of incarceration of two years and ordered restitution of $9,136.16 paid to Wooten. On appeal from that judgment, the court of appeals vacated the order of restitution as unsubstantiated and remanded the matter to the trial court. *State v. Kreischer* (Jan. 23, 2002), 5th Dist. No. 01–CA–04, 2002 WL 106683. Upon remand, the trial court ordered Kreischer to pay restitution in the sum of $17,046.07 to Wooten and also ordered Kreischer to pay $20,323.92 to Anthem

Blue Cross/Blue Shield ("Anthem"), Wooten's medical-insurance carrier, as reimbursement for its costs expended on Wooten's behalf. On a second appeal of the sentence, the Fifth District Court of Appeals reversed the award to Wooten but affirmed the award to Anthem. *State v. Kreischer*, 5th Dist., No. 03 CA 20, 2004-Ohio-6854, 2004 WL 2958339, at ¶ 15.

{¶ 4} Upon determining that its order for reimbursement to Anthem conflicted with a decision of the Sixth District Court of Appeals in *State v. Miller* (Mar. 1, 2002), 6th Dist. No. L–01–1265, 2002 WL 313380, the court certified the following question to our court:

{¶ 5} "Whether a court may order restitution by an offender pursuant to R.C. 2929.18(A)(1) to include medical costs paid on behalf of the victim by a third-party insurer."

## Third-Party Restitution

{¶ 6} Kreischer urges that the language of former R.C. 2929.18(A)(1) authorized restitution only for Wooten's actual economic loss. He further maintains that because Anthem, rather than Wooten, incurred the $20,323.92 expense, the trial court was unable to order that amount paid as restitution. Finally, he urges us to follow the reasoning used by the Sixth District Court of Appeals in *State v. Miller*, 6th Dist. No. L–01–1265, which reversed an order to pay restitution to a hospital's Care Assurance plan, holding that R.C. 2929.18(A)(1) permitted restitution only for the victim's economic loss, not the carrier's loss.

{¶ 7} The state contrariwise argues that nothing in the former statute limits the definition of economic loss to medical costs incurred by the *victim*. Accordingly, it urges that we follow the decision of the Fifth District Court of Appeals in this case and hold that former R.C. 2929.18(A)(1) allows for court-ordered restitution to insurance carriers that have paid medical expenses to victims of crime.

{¶ 8} We begin by examining the law in effect at the time of the incident, May 28, 2000. Former R.C. 2929.18(A), 148 Ohio Laws, Part IV, 8674, 8767, provided:

{¶ 9} "[T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

{¶ 10} "(1) Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss. * * * *[T]he restitution * * * may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim * * * for economic loss resulting from the offense.*" (Emphasis added.)

{¶ 11} Further, R.C. 2929.01(M) defined economic loss as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, *medical cost*, or funeral expense incurred as a result of the commission of the offense."[1] (Emphasis added.)

{¶ 12} When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply rules of statutory interpretation. *State v. Muncie* (2001), 91 Ohio St.3d 440, 447, 746 N.E.2d 1092; *Symmes Twp. Bd. of Trustees v. Smyth* (2000), 87 Ohio St.3d 549, 553, 721 N.E.2d 1057. Statutory interpretation involves an examination of the words used by the legislature in a statute, and when the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.

{¶ 13} In this case, former R.C. 2929.18(A)(1) expressly stated that restitution may include "a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim." 148 Ohio Laws, Part IV, 8674, 8767. Further, we note that R.C. 2929.01(M) defines economic loss to include medical costs incurred as a result of the commission of the offense. Accordingly, the General Assembly authorized trial courts to exercise discretion when imposing financial sanctions on a defendant and permitted those sanctions to include reimbursement to third parties for amounts paid on behalf of a victim. In this case, the trial court exercised its discretion and ordered payment to the medical-insurance provider in accordance with former R.C. 2929.18(A)(1). Therefore, although our decision is limited in scope because this portion of the Revised Code has since been amended, we answer the certified question in the affirmative because at the time of its ruling, the trial court had discretion to include reimbursement to third parties for amounts paid on behalf of the victim, and the court of appeals affirmed the trial court's judgment in that regard.

Judgment accordingly.

MOYER, C.J., FORD, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

PFEIFER, J., concurs in part and dissents in part.

DONALD R. FORD, J., of the Eleventh Appellate District, sitting for RESNICK, J.

---

**PFEIFER, J., concurring in part and dissenting in part.**

---

1. The versions of R.C. 2929.01(M) in effect at the time of the crime and the restitution hearing do not differ from the current version in any respect relevant to the issues addressed today. See 148 Ohio Laws, Part IV, 8674, 8745.

{¶ 14} I concur in the syllabus; it simply and generally reasserts a standard that this court has adhered to for over 100 years. See *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 387 N.E.2d 1222 ("a statute that is free from ambiguity and doubt is not subject to judicial modification under the guise of interpretation"); *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus (when the words of a statute are "free from ambiguity and doubt, and express plainly, clearly, and distinctly the sense of the lawmaking body, there is no occasion to resort to other means of interpretation"). See, also, *Gardner v. Collins* (1829), 27 U.S. (2 Pet.) 58, 93, 7 L.Ed. 347 ("What the legislative intention was, can be derived only from the words they have used; and we cannot speculate beyond the reasonable import of these words").

{¶ 15} Former R.C. 2929.18(A), 148 Ohio Laws, Part IV, 8674, 8767, provided for restitution, including restitution to third parties, "based on the victim's economic loss." R.C. 2929.01(M) defines economic loss as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense," including medical costs. The majority opinion conflates money that an insurance company paid pursuant to a contract of insurance on behalf of an insured with "economic detriment suffered by a victim." Whatever amount the insurance company paid is unambiguously and by definition not a "detriment suffered by a victim." It is more in the nature of detriment suffered by the insurance company. Apparently, a majority of this court believes that the insurance company was the victim of felonious assault. Fortunately, the General Assembly, perhaps foreseeing such a decision by this court, has already amended R.C. 2929.18(A) to make it clear that restitution is not intended to be a windfall for insurance companies. See 2003 Sub.H.B. No. 52.

{¶ 16} The insurance company in this case has a right to pursue the offender in civil court. Until today, it did not have a right to use the state of Ohio's criminal justice system as an unpaid collection agency. Astonishingly, that is the import of the majority opinion. I dissent from the judgment.

---

Kura & Wilford Co., L.P.A., and Barry W. Wilford, for appellant.

Joseph A. Flautt, Perry County Prosecuting Attorney, for appellee.