The STATE of Ohio, Appellee,

v.

CASTANEDA, Appellant.

[Cite as *State v. Castaneda,* 168 Ohio App.3d 686, 2006-Ohio-5078.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 05COA024.

Decided Sept. 27, 2006.

Ramona Francesconi Rogers, for appellee.

David H. Bodiker and Stephen Hardwick, for appellant.

EDWARDS, Judge.

{¶ 1} Defendant-appellant, Anthony Castaneda, appeals his sentence from the Ashland County Court of Common Pleas on one count of safecracking, one count of attempted burglary, one count of burglary, one count of possession of cocaine, and one count of petty theft. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On April 8, 2005, the Ashland County Grand Jury indicted appellant on two counts of burglary in violation of R.C. 2911.12(A)(3), felonies of the third degree, one count of safecracking in violation of R.C. 2911.31(A), a felony of the fourth degree, one count of attempted burglary in violation of R.C. 2923.02(A) and 2911.12(A)(1), a felony of the third degree, and one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree. Appellant also was indicted on one count of theft of drugs in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, one count of petty theft in violation of R.C. 2923.02(A)(1), a misdemeanor of the first degree, and one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree.

{¶ 3} At his arraignment on April 11, 2005, appellant entered a plea of not guilty to the charges contained in the indictment. An amended indictment was filed on April 22, 2005, containing the same charges.

{¶ 4} Subsequently, on April 27, 2005, appellant withdrew his former not-guilty plea and pleaded guilty to one count each of safecracking, attempted burglary, possession of cocaine, and petty theft. Appellant also pleaded guilty to one count of burglary in violation of R.C. 2911.12(A)(4), a felony of the fourth degree.[1] The remaining charges were dismissed.

{¶ 5} As memorialized in a judgment entry filed on June 16, 2005, appellant was sentenced to an aggregate prison sentence of three years and three months. In addition, appellant was ordered to pay fines totaling $2,000 and to pay restitution as follows:

{¶ 6} "a. The sum of Two Hundred Fifty Dollars ($250.00) to Margaret Negrete, 1236 Myers Avenue, Ashland, Oh 44805, to be collected and distributed by the Clerk of Courts;

{¶ 7} "b. The Sum of Three Hundred Fifty Dollars ($350.00) to Mr. and Mrs. Alan Lease, 707 West 10th Street, Ashland, Oh 44805, to [be] collected and distributed by the Clerk of Courts; and

{¶ 8} "c. The sum of Five Thousand Dollars ($5,000.00) to Mr. and Mrs. Charles Griffith, 1213 Center Street, Ashland, Oh 44805, for damages to the door. Said amount is subject to verification and shall be collected and distributed by the Clerk of Courts pursuant to a future order of the Court. The Court is specifically reserving jurisdiction to conduct a future hearing with regard to this award in light of the fact that the damages at the Griffith residence have not actually been corrected at this point in time and that there may a dispute regarding this restitution figure."

{¶ 9} Appellant's driver's license also was suspended for a period of five years.

{¶ 10} Appellant now raises the following assignments of error on appeal:

{¶ 11} "The trial court erred by imposing a $5,000 restitution [order] without any evidence to support it. R.C. 2929.18.

{¶ 12} "The trial court erred by imposing non-minimum, consecutive prison terms in the absence of jury findings of the factors set forth in R.C. 2929.14(C) and (E)(2)."

---

1. The count of burglary was a lesser included charge of the charge of burglary, a felony of the third degree, contained in the indictment.

{¶ 13} This court, on May 9, 2006, granted appellant's motion for leave to withdraw his second assignment of error. Thus, only appellant's first assignment of error remains for determination.

I

{¶ 14} Appellant, in his first assignment of error, argues that the trial court erred in ordering appellant to pay $5,000 in restitution to the Griffiths for damage to a door. Appellant specifically argues that the award is speculative and not limited by the victim's economic loss.

{¶ 15} R.C. 2929.18(A) states:

{¶ 16} "Financial sanctions that may be imposed pursuant to this section include * * *

{¶ 17} "Restitution by the offender to the victim of the offender's crime * * * *in an amount based on the victim's economic loss.* If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts * * *. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. * * * If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender * * * disputes the amount." (Emphasis added.)

{¶ 18} "The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty." *State v. Gears* (1999), 135 Ohio App.3d 297, 300, 733 N.E.2d 683. A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered. *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270. The amount of restitution in a trial court's restitution order must be specified. *State v. Church*, 161 Ohio App.3d 589, 2005-Ohio-2984, 831 N.E.2d 490.

{¶ 19} At the sentencing hearing in this matter, Mr. Griffith testified that he had paid $3,500 for a mahogany door that was damaged by appellant. Mr. Griffith further testified that even though he had insurance, he had a $500 deductible to pay. The following testimony was adduced when Mr. Griffith was asked by the trial court whether his insurance company had paid all but $500 of the damage:

{¶ 20} "MR GRIFFITH: We have not even submitted a claim. Our insurance agent said wait until the springtime, send her the estimate, and then we will have to pay the deductible. The door is only a couple years old. It's a mahogany door with the leaded glass. You know, I work hard, Judge, for that money to do

things to my home to keep it nice so our family has a nice place to stay, and then to let somebody like him come in and destroy it—not only destroyed the material things—I'm going to say this again. It's not all the monetary things, but I think not only prison, but he needs to be judged on the money part he damaged.

{¶ 21} "THE COURT: So to clarify at this point, the door has not been replaced?

{¶ 22} "MR GRIFFITH: No, I was waiting to see, you know, if you—have the right to make restitution to me and my wife."

{¶ 23} At the conclusion of the hearing, the trial court ordered appellant to pay $5,000 in restitution to the Griffiths for damage to the door, but stated that it was reserving jurisdiction with respect to that award "in light of the fact that the damages have not actually been corrected at this point in time at the Griffith residence." Appellant objected on the record to the retention of jurisdiction and requested an evidentiary hearing on the amount of restitution. The trial court, however, declined to hold such a hearing.

{¶ 24} We find that there is nothing in the record supporting the trial court's tentative award of $5,000 in restitution to the Griffiths. There is no evidence that the damaged door was fixed or replaced at that cost. Moreover, the trial court, both on the record and in its judgment entry, failed to specify the exact amount of restitution ordered. Rather, the trial court, in its June 16, 2005 judgment entry, stated that the $5,000 amount was "subject to verification" and that it was "specifically reserving jurisdiction to conduct a future hearing with regard to this award in light of the fact that the damages at the Griffith residence have not actually been corrected at this point in time and that there may be a dispute regarding this restitution amount." Such a reservation of jurisdiction was improper.

{¶ 25} For the foregoing reasons, appellant's first assignment of error is sustained. We hereby reverse the trial court's restitution order and remand the matter to the trial court for an evidentiary hearing to determine a fixed amount of restitution.

{¶ 26} In remanding this matter, we note that in *State v. Martin* (2000), 140 Ohio App.3d 326, 747 N.E.2d 318, the trial court ordered the defendant to pay restitution in the amount of $9,800 to cover the victims "economic loss." The victim was later compensated for his loss when his own insurance provider settled his claim for $9,800. The Fourth District Court of Appeals, in *Martin*, held that because the victim had been fairly compensated by his insurance carrier, he did not suffer any "economic detriment," and, therefore, the defendant could not "properly be ordered to pay restitution to the victim, since it would result in an economic windfall." *Martin*, supra, at 327, 747 N.E.2d 318. See, also, *State v.*

*Johnson,* Washington App. No. 03CA11, 2004-Ohio-2236, 2004 WL 944384. In *Johnson,* the court held that the trial court erred in ordering the appellant to pay $5,305 in restitution to a bank when the bank had received $305 from its insurance company after its $5,000 deductible. The court noted that the bank, therefore, had suffered only $5,000 in economic harm.

{¶ 27} Thus, on remand, we note that the Griffiths are not entitled to reimbursement from appellant for any damage to their door that was paid for by their insurance carrier.[2]

{¶ 28} The judgment of the Ashland County Court of Common Pleas is hereby reversed and this matter is remanded for a hearing on the amount of restitution.

Judgment reversed
and cause remanded.

WISE, P.J., and GWIN, J., concur.

---

2. However, we note that in *State v. Kreischer,* Perry App. No. 03 CA 20, 2004-Ohio-6854, 2004 WL 2958339, this court held that a trial court was authorized under R.C. 2929.18(A)(1) to order the defendant, who was convicted of assault, to pay money in restitution to the victim's *insurance carrier* for money paid for the victim's losses. See *State v. Kreischer,* 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, affirming this court's judgment. However, the Ohio Supreme Court, in *Kreischer,* noted that R.C. 2929.18 was amended effective June 1, 2004, to delete all references to third parties and that its decision was limited in scope due to the amendment. This court, in its *Kreischer* decision, considered former R.C. 2929.18(A)(1), not the amended version.