OPINION *Page 2 
{¶ 1} On April 8, 2005, the Ashland County Grand Jury indicted appellant, Anthony Castaneda, on two counts of burglary in violation of R.C. 2911.12, one count of safecracking in violation of R.C. 2911.31, one count of attempted burglary in violation of R.C. 2923.02 and2911.12, possession of cocaine in violation of R.C. 2925.11, one count of theft of drugs in violation of R.C. 2913.02, one count of petty theft in violation of R.C. 2913.02, and one count of possession of criminal tools in violation of R.C. 2923.24.
 {¶ 2} On April 27, 2005, appellant pled guilty to all of the counts except one of the burglary counts, and the counts for theft of drugs and possession of criminal tools. These counts were dismissed. By judgment entry filed June 16, 2005, the trial court sentenced appellant to an aggregate sentence of three years and three months in prison, and ordered him to pay restitution to the burglary victims, Mr. and Mrs. Charles Griffith, in the amount of $5,000.00 to repair/replace their front door.
 {¶ 3} Appellant appealed. By opinion and judgment entry filed September 27, 2006, this court reversed the trial court's $5,000.00 restitution order, and remanded the issue for a hearing. On October 4, 2006, this court filed a nunc pro tunc judgment entry to correct the underlying trial court case number.
 {¶ 4} Upon remand, a hearing was held on October 5, 2006. By judgment entry filed October 11, 2006, the trial court ordered restitution in the amount of $5,000.00, pending verification of the actual amount expended and/or insurance information.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 6} "THE TRIAL COURT ERRED BY IMPOSING RESTITUTION FOR AN AMOUNT THE VICTIM INTENDED TO SUBMIT TO INSURANCE."
 I {¶ 7} Appellant claims the trial court erred in ordering restitution to the Griffiths in the amount of $5,000.00 when the Griffiths anticipated only $500.00 out-of-pocket expenses as a result of their $500.00 insurance deductible.
 {¶ 8} Upon remand, the trial court upon made the following order of restitution:
 {¶ 9} "1. The Defendant shall pay restitution in the sum of $5,000.00 to Mr. and Mrs. Charles Griffith, 1213 Center Street, Ashland, Ohio 44805, for damages to their door. Said amount shall be collected and distributed by the Ashland County Clerk of Courts.
 {¶ 10} "2. Mr. and Mrs. Griffiths shall provide verification to the Court of the actual material and labor cost involved for the replacement of their door on or before November 30, 2006. In the event the amount verified by the Griffiths is less than the amount of restitution ordered herein, the Court reserves jurisdiction to modify the restitution order to reflect the actual amount of the Griffiths' loss. The failure of the Griffiths to provide verification to the Court of the actual material and labor cost involved in the replacement of their door by November 30, 2006 may result in a determination that the Griffiths have no actual loss and in that event, the restitution order may be vacated.
 {¶ 11} "3. In the event any portion of the Griffiths' loss associated with the replacement of their door is ultimately paid by their insurance company, the Griffiths *Page 4 
shall promptly notify the Court of that fact, including the amount paid by insurance and the name and address of the insurance company making payment. The Court will thereafter substitute the Griffiths' insurance carrier as the payee of the portion of the restitution order paid by the insurance company." See, Judgment Entry Regarding Restitution filed October 11, 2006.
 {¶ 12} R.C. 2929.18 governs financial sanctions and restitution. Subsection (A)(1) states the following:
 {¶ 13} "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 {¶ 14} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, is an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or *Page 5 
replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.
 {¶ 15} "If the court imposes restitution, the court may order that the offender pay a surcharge of not more than five per cent of the amount of the restitution otherwise ordered to the entity responsible for collecting and processing restitution payments.
 {¶ 16} "The victim or survivor may request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate."
 {¶ 17} It is appellant's position that this statute does not include the specific reimbursement amount to third parties for amounts paid to or on behalf of the victim that existed previously, therefore restitution can be made to victims only. Mr. Griffith testified to his out-of-pocket expenses as follows:
 {¶ 18} "Q. Now, with regard to what costs you're going to bear with regard to this door —
 {¶ 19} "A. Uh huh.
 {¶ 20} "Q. — there was testimony before that you folks have insurance?
 {¶ 21} "A. Yes, ma'am. *Page 6 
 {¶ 22} "Q. Okay, Do you still believe that the only cost you are going to bear is the $500 deductible?
 {¶ 23} "A. To my knowledge, today, yes, it should be, yes, and that would be through American Family Insurance is our homeowners insurance.
 {¶ 24} "Q. Okay. So that hasn't changed?
 {¶ 25} "A. No, ma'am." T. at 11.
 {¶ 26} When this court remanded the case for hearing and a fixed amount of restitution, we specifically found the matter was governed byState v. Martin, 140 Ohio App.3d 326, 2000-Ohio-1942:
 {¶ 27} "In remanding this matter, we note that in State v.Martin, 140 Ohio App. 3d 326, 747 N.E.2d 318, 2000-Ohio-1942, the trial court ordered the defendant to pay restitution in the amount of $9,800 to cover the victims `economic loss.' The victim was later compensated for his loss when his own insurance provider settled his claim for $9,800. The Fourth District Court of Appeals, in Martin, held that because the victim had been fairly compensated by his insurance carrier, he did not suffer any `economic detriment,' and therefore, the defendant could not `properly be ordered to pay restitution to the victim, since it would result in an economic windfall.' Martin, supra at 327. See alsoState v. Johnson, Washington App. No. 03CA11, 2004-Ohio-2236. InJohnson, the court held that the trial court erred in ordering the appellant to pay $5,305.00 in restitution to a bank when the bank had received $305.00 from its insurance company after its $5,000.00 deductible. The court noted that the bank, therefore, had suffered only $5,000.00 in economic harm. *Page 7 
 {¶ 28} "Thus, on remand, we note that the Griffiths are not entitled to reimbursement from appellant for any damage to their door that was paid for by their insurance carrier. [Footnote 2].
 {¶ 29} "[Footnote 2] However, we note that in State v. Kreischer, Perry App. No. 03 CA 20, 2004-Ohio-6854, this Court held that a trial court was authorized under R.C. 2929.18(A)(1) to order the defendant, who was convicted of assault, to pay money in restitution to the victim's insurance carrier for monies paid for the victim's losses. SeeState v. Kreischer, 109 Ohio St.3d 392, 848 N.E.2d 496, 2005-Ohio-0412, affirming this court's judgment. However, the Ohio Supreme Court, inKreischer, noted that R.C. 2929.18 was amended effective June 1, 2004 to delete all references to third parties and that its decision was limited in scope to such amendment. This court, in its Kreischer decision, considered former R.C. 2929. 18(A)(1), not the amended version." See,State v. Castaneda, 168 Ohio App.3d 686, 2006-Ohio-5078, ¶ 26, 27, and fn. 2.
 {¶ 30} Given our cited opinion, we find the doctrine of law of the case applies:
 {¶ 31} "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.
 {¶ 32} "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to *Page 8 
avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.* * *
 {¶ 33} "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given.* * *" Nolan v.Nolan (1984), 11 Ohio St.3d 1, 3-4. (Citations omitted.)
 {¶ 34} We acknowledge appellee's valid argument that appellant should not benefit from the victims' foresight to have insurance. However, based upon the specific deletion of third party payees and the specific language of economic loss to the victim, we find the court ordered restitution should have been limited to the Griffiths' out-of-pocket $500.00 insurance deductible.
 {¶ 35} The sole assignment of error is granted. *Page 9 
 {¶ 36} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed. Pursuant to App.R. 12(B), this court enters a restitution order of $500.00 to the Griffiths.
 Farmer, J., Delaney, J. concurs and Hoffman, P.J. dissents. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed. Pursuant to App.R. 12(B), this court enters a restitution order of $500.00 to the Griffiths. *Page 10