[Cite as *State v. Moore*, 2022-Ohio-4261.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 22 CA 000007 |
| JOSHUA A. MOORE | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from  Guernsey County
Court of Common Pleas, Case No. 21 CR
309

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: November 29, 2022

APPEARANCES:

For Plaintiff-Appellee

JASON R FARLEY
Assistant Prosecutor
627 Wheeling Avenue
Cambridge, OH  43725

For Defendant-Appellant

JOSHUA A. MOORE #A798-410    Pro Se
North Central Correctional Complex
Box 1812
Marion, OH 44301-1812

*Gwin, P.J.*

{¶1}    Appellant Joshua A. Moore appeals from the March 30, 2022 judgment entry of the Guernsey County Court of Common Pleas.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    A homeowner placed sheets of aluminum awning on the back porch of her unoccupied home on July 21, 2021.  When she went to check on the house the next day, the aluminum awning was gone, as were a toolbox and tools that were inside the home. The police determined appellant stole the aluminum awning and tools.  Appellant took the aluminum awning to Lowry Metal Recycling to scrap.  The receipt from Lowry Metal shows appellant was paid $140.00.  The receipt also shows a picture of a black Ford pick-up truck occupied by appellant with sheets of aluminum in the rear bed.

{¶3}    Appellant was indicted on September 21, 2021, with one count of burglary, in violation of R.C. 2911.12(A)(3) and R.C. 2911.12(D), a felony of the third degree.

{¶4}    The trial court held a plea and sentencing hearing on March 29, 2022.  Prior to the start of the hearing, appellee moved to amend the charge to one count of theft pursuant to R.C. 2913.02(A)(1) and R.C. 2913.029(B)(2), a felony of the fifth degree. Counsel for appellant had no objection.  The trial court granted the motion.  The trial court then conducted a plea colloquy, and found appellant's guilty plea was voluntary, knowing, and intelligent.  The court accepted the plea of guilty, and sentenced appellant to a stated prison term of six months under the terms of a negotiated plea.  The six months is to be served consecutively to prison terms from two other cases appellant had pending.

{¶5}    As part of the negotiated plea, the parties agreed appellant would pay restitution to the victim, but that the parties would present evidence as to the appropriate

amount of restitution at the sentencing hearing. At the hearing, appellee introduced documentary evidence showing the estimate obtained by the victim from Dura-Bilt Patio Awning for new awning was $4,755. Further, appellee stated the victim had a deductible of $500, and that the victim's insurance company sent the victim a check for $2,035.75. Accordingly, appellee requested restitution in the amount of $2,719.25 (estimate of $4,755 minus $2,035.75 check from insurance). Counsel for appellant argued the $4,755 was only one estimate, it was too high an estimate, and the victim should have obtained at least three estimates to replace the awning. Further, that because the insurance company only valued the claim at $2,035.75, the victim should only receive the deductible amount of $500.00 because the $2,035.75 the victim received from his insurance company adequately compensated the victim. The trial court found the appropriate amount of restitution was $2,719.25.

{¶6} The trial court entered a judgment entry of sentence on March 30, 2022. Appellant appeals the March 30, 2022 judgment entry of the Guernsey County Court of Common Pleas, and assigns the following as error:

{¶7} "I. THE TRIAL COURT COMMITTED PLAIN ERROR IN ITS DETERMINATION AS TO THE AMOUNT OF RESTITUTION ORDERED UPON THE APPELLANT.

{¶8} "II. THE CONVICTION IS INSUFFICIENT AS A MATTER OF LAW AS THE STATE FAILED TO ESTABLISH THE VALUE OF THE PROPERTY STOLEN."

I.

{¶9} In his first assignment of error, appellant contends the trial court committed error in ordering him to pay restitution of $2,719.25 because the quote from the awning

company was too high, and the trial court should have limited the restitution amount to the amount of the victim's deductible.

{¶10}  R.C. 2929.18(A)(1) governs restitution orders and provides as follows:

(A) Except as otherwise provided in this division and in addition to imposing court costs * * * the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * * [f]inancial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender.  If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.  * * *

{¶11}  We review restitution orders under an abuse of discretion standard.  *State v. Sheets*, 5th Dist. Licking NO. 17 CA 44, 2018-Ohio-996.  An order of restitution must be supported by competent and credible evidence from which the trial court can discern

the amount of restitution to a reasonable degree of certainty. *State v. Spencer*, 5th Dist. Delaware No. 16 CAA 04 0019, 2017-Ohio-59. Furthermore, a trial court abuses its discretion if it orders restitution in an amount that does not bear a reasonable relationship to the actual loss suffered. *Id.*

**{¶12}** The evidence which supports a court's restitution order "can take the form of either documentary evidence or testimony." *State v. Jones*, 10th Dist. Franklin No. 14AP-80, 2014-Ohio-3740.

**{¶13}** This Court has previously held that a victim is not entitled to reimbursement from a defendant for damage that was paid for by the victim's insurance carrier. *State v. Castaneda*, 168 Ohio App.3d 686, 2006-Ohio-5078, 861 N.E.2d 601 (5th Dist. Ashland). However, in this case, the victim's insurance carrier did not pay the full amount needed to repair the awning as per the estimate submitted by the victim. Thus, there is no double recovery or "windfall" to the victim. Rather, $2,719.25 is the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the theft offense. *State v. Frank*, 5th Dist. Muskingum No. CT2017-0102, 2018-Ohio-5148; see also R.C. 2929.01(L).

**{¶14}** We find there is competent and credible evidence to support the amount of restitution imposed by the trial court under R.C. 2929.18(A)(1). Appellee presented uncontroverted documentary evidence that it would cost the victim $4,755 to replace the awning, and the insurance company covered $2,035.75 of that amount, making the difference $2,719.25. The trial court determined this documentary evidence was credible. Further, R.C. 2929.18(A) specifically provides that the trial court may base the amount of restitution on "estimates indicating the cost of repairing or replacing the property."

**{¶15}** Based on the foregoing, we find the trial court did not abuse its discretion in ordering appellant to pay $2,719.25 in restitution.  Appellant's first assignment of error is overruled.

II.

**{¶16}** In his second assignment of error, appellant argues the evidence was not sufficient to support the theft conviction because the value of the property stolen is less than $1,000.

**{¶17}** However, appellant entered a plea of guilty in this case.  A guilty plea waives a defendant's right to challenge the sufficiency of the evidence to support a conviction. *State v. Schnarr*, 5th Dist. Licking No. 18 CA 0035, 2019-Ohio-29; *State v. Dickerson*, 5th Dist. Richland No. 2022 CA 0027, 2022-Ohio-3012.

**{¶18}** Accordingly, appellant's second assignment of error is overruled.

**{¶19}** Based on the foregoing, appellant's assignments of error are overruled.

{¶20}   The March 30, 2022 judgment entry of the Guernsey County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur