OPINION *Page 2 
{¶ 1} Defendant Timothy Johnson appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, ordering him to pay restitution in the amount of $3,114.69 to the business damaged when appellant robbed it. Appellant pled guilty to robbery and kidnapping pursuant to a plea agreement. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ORDERING RESTITUTION IN THE INSTANT MATTER.
 {¶ 3} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ADMITTING CERTAIN EVIDENCE, OVER THE OBJECTION OF THE DEFENSE, DURING THE RESTITUTION HEARING HELD BELOW."
 I. II. {¶ 4} Appellant does not appeal the remainder of his sentence, but the issue of restitution was specifically not made part of the agreement. Appellant argues the trial court committed prejudicial error in establishing the amount of restitution.
 {¶ 5} R.C.2929.11 (A) provides that one of the overriding purposes of felony sentencing is to make restitution to the victim of the offense, the public, or both.
 {¶ 6} R.C.2929.18 states in pertinent part:
 {¶ 7} "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose *Page 3 
upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 {¶ 8} (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a pre-sentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. * * *"
 {¶ 9} In State v. Castaneda, 168 Ohio App. 3d 686, 2006-Ohio-5078, this court found an order of restitution must be supported by competent and credible evidence from which the trial court can discern the amount of restitution to a reasonable degree of certainty, Castaneda, paragraph 18, citing State v. Gears (1999), 135 Ohio App. 3d 297, 300,733 N.E. 2d 683. A trial court abuses its discretion if it orders restitution in an amount that does not bear a reasonable relationship to the actual loss suffered, Id., citing State v. Williams (1986), 34 Ohio App. 3d 33,519 N.E. 2d 1270. *Page 4 
 {¶ 10} The State bears the burden of establishing the restitution amount, Id. Appellant argues the State failed to present sufficient competent and credible evidence from which the court could determine the amount of restitution.
 {¶ 11} At the hearing, the State called Scott Southard, the general manager for TGI Friday's, the victim of the robbery. Southard testified he was in charge of processing all invoices and paying all bills, and overseeing the maintenance of the buildings. Southard testified the office door frame had to be replaced, as did the front doors. The emergency lighting had to be replaced because it had been ripped down.
 {¶ 12} Southard identified an invoice from Restaurant Mechanical Services Company for repairs to the doors and the emergency lighting. Southard testified he was present when company representatives came to assist the damage, and actually pointed out what needed to be done. He also identified a receipt from Chesshir Glass to replace the glass front doors. Southard testified TGI Friday's paid Restaurant Mechanical Services' bill in full, see Tr. of Hearing, Pg. 34. He testified TGI Friday's also paid the bill from Chesshir, Tr., Pg. 36.
 {¶ 13} Appellant now argues the State did not present any evidence regarding the hourly rate paid for the repairs or lay any foundation for the bills. The State did not call anyone from the repair companies to testify the work had been done or basis for the amounts charged.
 {¶ 14} Appellant also suggests the court should not have accepted the invoices. Appellant argues there was no evidence or testimony indicating the invoices were prepared in the regular course of business, and Southard was without any first hand *Page 5 
knowledge concerning the creation or basis for the bills. In essence, appellant argues the invoices were inadmissible hearsay.
 {¶ 15} R.C. 2929.18 expressly grants the court discretion to base the amount of restitution on an amount recommended by the victim, the offender, a pre-sentence investigation report or receipts indicating the cost of repairing or replacing the property. The Supreme Court has acknowledged pre-sentence reports contain hearsay, but may be relied upon under certain circumstances, State v. Cook (1998),83 Ohio St. 3d 404, 425, 700 N.E. 2d 570. We find the statute permits the court to consider hearsay evidence when assessing a victim's damages.
 {¶ 16} This court cannot reverse the trial court's judgment unless we find the trial court abused its discretion. The Ohio Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g.,State v. Gondor, 112 Ohio St. 3d 377, 2006-Ohio-6679, 860 N.E. 2d 77, paragraph 60, citations deleted.
 {¶ 17} Upon review, we find the evidence the trial court received is permitted by the statute, and Southard's testimony was sufficient to identify the documents. We conclude the court did not abuse its discretion in calculating the amount of restitution. Accordingly, both of appellant's assignments of error are overruled. *Page 6 
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
 Gwin, P.J., Hoffman, J., and Wise, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant. *Page 1