[Cite as *State v. Thomas*, 2011-Ohio-3354.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-42 |
| WILLIAM D. THOMAS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Fairfield County
Court of Common Pleas, Case No. 09-CR-
0348

JUDGMENT:      Affirmed in part;
Reversed in part; and Remanded

DATE OF JUDGMENT ENTRY:      July 1, 2011

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

GREGG MARX                  E. KELLY MIHOCIK
Assistant Prosecutor            Assistant Public Defender
239 W. Main Street, Ste. 101     250 East Broad Street, Ste. 1400
Lancaster, OH 43130            Columbus, OH 43215

*Gwin, P.J.*

{¶1} Defendant-Appellant William D, Thomas appeals from the sentenced imposed by the Fairfield County Court of Common Pleas upon his conviction after a jury trial of three counts of gross sexual imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4). Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE[1]

{¶2} Appellant was indicted for four counts of gross sexual imposition. Following a jury trial, he was acquitted of Count One but convicted of Counts Two, Three, and Four. The victim of appellant's crimes was six years old. (Sent. T. March 29, 2010 at 8).

{¶3} The trial court, while sentencing appellant, found that appellant caused harm to the victim and that the victim who had been sexually abused suffered psychologically and emotionally. (Id. at 19).

{¶4} The trial court sentenced appellant to serve four years on Count Two and five years to be served consecutively as to Counts Three and Four. *(*Id*. at 21). The trial court suspended the prison term as to Counts Three and Four and placed appellant on community control for a five year period to begin after he completes his four year term of imprisonment. (Id.). Appellant was also ordered to pay court costs and a $25 court-appointed counsel fee.

{¶5} On April 1, 2010, the court issued a "Judgement [sic] Entry of Sentence," and on April 16, 2010 it issued a "Nunc Pro Tunc Judgement [sic] Entry of Sentence."

---

[1] A Statement of the Facts underlying Appellant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in Appellant's assignment of error shall be contained therein.

Those entries order the sentences on Counts Three and Four to run consecutively to each other, as well as consecutive to Count Two.

{¶6}   At the sentencing hearing and in the court's sentencing entries, appellant was also ordered to pay "restitution to the victims, in any amount not covered by insurance for counseling." (April 16, 2010 Nunc Pro Tunc Judgement [sic] Entry of Sentence at 2; Sent. T. March 29, 2010 at 22.) A definite amount was not specified.

{¶7}   By Judgment Entry filed September 13, 2010 this Court granted appellant's motion to file a delayed appeal.

{¶8}   Appellant has raised the following two Assignments of Error for our consideration:

{¶9}   "I. MR. THOMAS WAS ORDERED TO PAY RESTITUTION TO THE VICTIMS FOR ANY OUT-OF- POCKET COSTS INCURRED FOR COUNSELING. THE COURT'S ORDER WAS ERRONEOUS BECAUSE THE AMOUNT WAS NOT SPECIFIED WITH ANY REASONABLE DEGREE OF CERTAINTY, AND THERE WAS ONLY ONE VICTIM. FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION; SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION. (APR. 1, 2010 JUDGEMENT [SIC] ENTRY OF SENTENCE, P. 2; APR. 16, 2010 JUDGEMENT [SIC] ENTRY OF SENTENCE, P. 2; MAR. 29, 2010 SENTENCING TR. 22.)

{¶10}   "II. THE SENTENCE IMPOSED AT THE SENTENCING HEARING IS DIFFERENT FROM THE SENTENCE PURPORTEDLY IMPOSED IN THE COURT'S SENTENCING ENTRIES. A COURT MAY NOT ALTER A DEFENDANT'S SENTENCE ONCE HE OR SHE HAS BEGUN SERVING THAT SENTENCE. THIS COURT SHOULD VACATE THE TRIAL COURT'S APRIL 1 AND APRIL 16 SENTENCING

ENTRIES AND ORDER THAT THEY BE AMENDED TO REFLECT THE SENTENCE ACTUALLY IMPOSED. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION. (APRIL 1, 2010 JUDGEMENT [SIC] OF SENTENCE; APRIL 16, 2010 NUNC PRO TUNC JUDGEMENT [SIC] OF SENTENCE; MAR. 29, 2010 SENTENCING HEARING TR. 21-23.)"

I.

**{¶11}** In his First Assignment of Error appellant contends that the trial court erred in ordering restitution in an amount that was not established to a reasonable degree of certainty. Further appellant argues that the trial court erred in ordering restitution to the "victims" of his criminal acts when there was only one victim. We agree, in part.

**{¶12}** R.C.2929.18 states in pertinent part:

**{¶13}** "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

**{¶14}** "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in

open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender."

{¶15} In *State v. Castaneda,* 168 Ohio App.3d 686, 2006-Ohio-5078, this court found an order of restitution must be supported by competent and credible evidence from which the trial court can discern the amount of restitution to a reasonable degree of certainty, Id at ¶18, citing *State v. Gears* ( 1999), 135 Ohio App. 3d 297, 300, 733 N.E. 2d 683. See also, *State v. Johnson*, Fairfield App. No. 2007-CA-00012, 2007-Ohio-6099 at ¶9. "The court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929 .18(A)(1).  A trial court abuses its discretion if it orders restitution in an

amount that does not bear a reasonable relationship to the actual loss suffered, Id., citing *State v. Williams* (1986), 34 Ohio App.3d 33, 519 N.E.2d 1270.

{¶16} Upon reviewing the record, we find that the restitution order is not supported by competent, credible evidence. Here, the common pleas court ordered restitution solely based upon "their uninsured portion of psychological counseling fees which are directly related to your conduct with them…" (Sent. T. March 29, 2010 at 22). However, the record contains no evidence that the victim has incurred any expenses for undergoing psychological counseling. The trial court clearly erred in ordering restitution since there was no documentation or testimony at the sentencing hearing of any actual economic loss suffered by the victim.

{¶17} Appellant's next argues that the trial court incorrectly ordered restitution to the "victims" when in fact he was acquitted of the count involving a second victim. In light of the fact that the trial court will need to conduct an evidentiary hearing on the issue of restitution we find this branch of appellant's First Assignment of Error to be premature. The trial court can revisit to whom restitution is owed at the evidentiary hearing.

{¶18} Appellant's First Assignment of Error is sustained in part. The order of restitution is vacated and the matter is remanded for an evidentiary hearing on restitution.

II.

{¶19} In his Second Assignment of Error appellant maintains that the trial court's Judgment Entry and Nunc Pro Tunc Judgment Entry of Sentencing conflict with the oral pronouncement of sentence which occurred in open court on March 29, 2010.

{¶20}  At the March 29, 2010 sentencing hearing the trial court stated,

{¶21}  "As to count two, the Court imposes four years in a state prison. You are ordered to serve that term of imprisonment. You are not granted community control as to that count.

{¶22}  "Consecutive to count two, the Court imposes a sentence of five years as to count three and five years as to count four. However, the Court is ordering that the prison terms as to counts three and four be suspended for your successful completion and compliance with the terms and conditions of community control for a five-year period of time after you complete the four-year term of imprisonment in a state prison as to count two."

{¶23}  On April 1, 2010, the court issued a "Judgement [sic] Entry of Sentence," and on April 16, 2010 it issued a "Nunc Pro Tunc Judgement [sic] Entry of Sentence." Those entries purportedly order the sentences on Counts Three and Four to run consecutively to each other:

{¶24}  "[A]s to Count Two to be confined in the Correctional Reception Center, Orient, Ohio, for a period of four (4) years; as to Count Three to be confined in the Correctional Reception Center, Orient, Ohio, for a period of five (5) years, to be served consecutively to Count Two; and as to Count Four to be confined in the Correctional Reception Center, Orient, Ohio, for a period of five (5) years, to be served consecutively to Count Two and Count Three. The Court further ordered the Defendant to pay the Court costs and the costs of prosecution in this case. The Court further ordered the Defendant to pay restitution to the victims, in any amount not covered by insurance, for counseling. The Defendant shall have no contact with the victims." (Apr. 1, 2010

Judgement [sic] of Sentence at 2; April 16, 2010 Nunc Pro Tunc Judgement [sic] Entry of Sentence at 2.)

{¶25} We find that the oral pronouncement is not as clear as the written judgment entries. In light of our disposition of appellant's first assignment of error requiring the trial court to conduct an evidentiary hearing on the issue of restitution, we sustain appellant's second assignment of error, vacate appellant's sentence, and remand this matter to the trial court for resentencing.

{¶26} The judgment of the Fairfield County Court of Common Pleas is affirmed in part, reversed in part, and remanded for proceedings in accordance with our opinion and the law.

By Gwin, P.J., and

Wise, J., concur;

Hoffman, J., concurs in part,

dissents in part

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0621

*Hoffman, J., concurring and part and dissenting in part*

{¶27} I concur in the majority's analysis and disposition of Appellant's first assignment of error. I would add I find the statute requires the trial court to fix a definite amount if restitution is ordered.

{¶28} I respectfully dissent from the majority's disposition of Appellant's second assignment of error. This same issue will have to be addressed after the trial court's redetermination of the restitution order upon remand. I find the restitution issue is substantively different from and severable from the length of imprisonment aspect of the sentence; therefore, ripe for review now.

{¶29} I would overrule Appellant's second assignment of error on the merits. Because Appellant had not yet been delivered to the custody of the Ohio Department of Corrections before the trial court filed its sentencing entry, his sentence had not yet commenced. Accordingly, I would find the trial court had jurisdiction to clarify any ambiguity that existed from its oral pronouncement of sentence. See, *State v. Holt* (December 2, 1999) Fairfield County App. No. 98CA83, unreported, and *State v. Cossack*, 2009-Ohio-3327 for a similar analysis and result.

_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Thomas*, 2011-Ohio-3354.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM D. THOMAS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-42 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed in part, reversed in part, and remanded for proceedings in accordance with our opinion and the law. Costs equally divided between appellant and appellee.

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE