THE STATE OF OHIO, APPELLEE, *v.* FERRETTE, APPELLANT.

[Cite as State *v.* Ferrette (1985), 18 Ohio St. 3d 106.]

(No. 84-1112—Decided July 3, 1985.)

*John T. Corrigan,* prosecuting attorney, and *Mark Sullivan,* for appellee.

*Yelsky & Lonardo Co., L.P.A.,* and *Leonard W. Yelsky,* for appellant.

CLIFFORD F. BROWN, J., The first question posed in this appeal is whether the indictments for forgery and uttering in violation of R.C. 2913.31 should have been dismissed on the ground that the State Lottery Commission cannot be the object of a fraud. We hold that the trial court correctly overruled appellant's motion to dismiss the indictments.

R.C. 2913.31(A) provides in part that "[n]o person, with purpose to defraud, * * * shall do any of the following * * *." Ohio law does not require that there be an object to the commission of a fraud. R.C. 2913.01(B) states: " 'Defraud' means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." Clearly, the existence of an object to the fraud is not required. Thus, appellant's argument that the Ohio Lottery Commission is not a legal entity capable of being the object of a fraud is without merit.

The next question for our consideration is whether the failure of the commission's security personnel to apprise appellant of her *Miranda* rights prior to questioning her requires the suppression of her oral statements and the related written statement. We hold that the trial court did not err in overruling appellant's motion to suppress this evidence.

As noted above, the statements in question were made to security personnel of the State Lottery Commission. In *Miranda* v. *Arizona* (1966), 384 U.S. 436, 444, the United States Supreme Court stated:

"Our holding * * * briefly stated * * * is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning *initiated by law enforcement officers* after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. * * *" (Emphasis added.)

The investigators who questioned appellant had no statutory duty to enforce the laws of this state nor were they vested by statute with the power to arrest. Therefore, the security personnel of the State Lottery Commission are not law enforcement officers.[1] Therefore, they were not

---

[1] R.C. 2901.01(K) provides:

" 'Law enforcement officer' means any of the following:

"(1) A sheriff, deputy sheriff, constable, marshal, deputy marshal, municipal police officer, or state highway patrolman;

"(2) An officer, agent, or employee of the state or any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, a duty to conserve the peace or to enforce all or certain laws is imposed and the authority to arrest violators is conferred, within the limits of such statutory duty and authority;

"(3) A mayor, in his capacity as chief conservator of the peace within his municipality;

required to give *Miranda* warnings at any time before or during their questioning of appellant in connection with their investigation of suspected criminal activity.[2]

Appellant further contends that her convictions for forgery and uttering cannot stand because the lottery tickets were in fact genuine. However, the fact that the tickets were genuine does not affect the validity of appellant's convictions.

R.C. 2913.31(A) states in part:

"No person, with purpose to defraud, or knowing that he is facilitating a fraud, shall do any of the following:

"* * *

"(2) Forge any writing so that it purports to be genuine when it is actually spurious, * * *;

"(3) Utter, or possess with purpose to utter, any writing which he knows to have been forged."

"Forge" is defined in R.C. 2913.01(G):

" 'Forge' means to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when such writing in fact is not authenticated thereby."

"Utter" is defined in R.C. 2913.01(H):

" 'Utter' means to issue, publish, transfer, use, put or send into circulation, deliver or display."

The alteration of a lottery ticket to create the impression that it has never been cashed and may still be redeemed, and the presentation of such ticket for purposes of receiving cash, knowing that it has been so altered, constitute forgery under R.C. 2913.31(A)(2) and uttering under R.C. 2913.31(A)(3).[3] Appellant's argument to the contrary is not well-taken.

---

"(4) A member of an auxiliary police force organized by county, township, or municipal law enforcement authorities, within the scope of such member's appointment or commission;

"(5) A person lawfully called pursuant to section 311.07 of the Revised Code to aid a sheriff in keeping the peace, for the purposes and during the time when such person is called;

"(6) A person appointed by a mayor pursuant to section 737.01 of the Revised Code as a special patrolman or officer during riot or emergency, for the purposes and during the time when such person is appointed;

"(7) A member of the organized militia of this state or the armed forces of the United States, lawfully called to duty to aid civil authorities in keeping the peace or protect against domestic violence;

"(8) A prosecuting attorney, assistant prosecuting attorney, secret service officer, or municipal prosecutor."

[2] Appellant's further argument that the statements were involuntarily made was not previously raised and cannot be considered by this court. See *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98], at paragraph two of the syllabus.

[3] We express no opinion as to whether forgery under R.C. 2913.31(A)(2) and uttering under R.C. 2913.31(A)(3) constitute allied offenses of similar import pursuant to R.C. 2941.25.

Nor are we convinced by appellant's contention that the trial court abused its discretion in imposing a time limit on the closing arguments in this case. The trial court in a criminal proceeding may in its discretion limit the duration of closing arguments, as long as such limitation is reasonable under the circumstances. *Weaver* v. *State* (1874), 24 Ohio St. 584, paragraph one of the syllabus. We have examined the record and have found that defense counsel was allowed some additional time to complete his argument after his thirty-minute limit had expired. Moreover, no objection to the limitation appears in the record. Thus, appellant has waived her right to object to the alleged error. *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98], paragraph one of the syllabus.

We also reject appellant's argument that neither she nor her handwriting was properly identified. It is for the trier of fact to weigh the evidence and to judge the credibility of the witnesses. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366], paragraph one of the syllabus.

Lastly, appellant contends that the trial court erred in overruling her motion for a new trial based on newly discovered evidence. Our perusal of the record reveals that appellant failed to assign this as error before the court of appeals. Therefore, we need not consider it now. *State* v. *Williams, supra,* at paragraph two of the syllabus.

Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.