JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant Allen George ("George") appeals his convictions for illegal processing of drug documents. Finding no merit to the appeal, we affirm.
 {¶ 2} In February 2002, George went to a copy center where he made color copies of one prescription for 60 Valium tablets, a Schedule IV controlled substance, and a prescription for 100 Demerol tablets, a Schedule II controlled substance. He also cut the copies so they matched the size of the original prescriptions. When he approached the cashier, a police officer confronted him and accused him of making the copies for illegal purposes. The officer seized the copies and the prescriptions, and George was charged in a four-count indictment with illegal processing of drug documents and tampering with evidence.
 {¶ 3} At his bench trial, George admitted making the copies but denied any illegal purpose. He testified that he intended to use the copies to obtain price information from various pharmacies because the price of Demerol had recently increased substantially. He explained that pharmacies do not quote prices for Demerol and Valium over the phone. A representative of a Cleveland pharmacy corroborated this testimony when she testified that pharmacies have a policy of not providing such information over the phone. The police investigation also confirmed the existence of this policy.
 {¶ 4} George also maintained that if he presented the original prescription to a pharmacist for the sole purpose of obtaining price information, the pharmacist would have kept the prescription. However, the investigating officer who attempted to confirm this policy found that no such policy existed. The pharmacy representative also testified that if a pharmacist did not fill a prescription, the prescription would be returned to the customer.
 {¶ 5} The original prescription stated: "Rx ILLEGAL IF NOT SAFETY BLUE BACKGROUND." If a black and white copier was used to make copies of the prescriptions, the watermark, "ILLEGAL," would appear in the background. However, it is undisputed that George made the copies with a blue background and no "ILLEGAL" watermark by using a color copier. In fact, the photocopies looked so authentic that it was difficult to distinguish them from the originals. The originals had all the proper markings including the doctor's office address, phone number, DEA number, two-toned background, gray top half and blue bottom half, and the doctor's signature. Officer Jamie Anderson, who was present at the copy center when George made the copies, testified that he was able to distinguish the copies from the original prescriptions based on subtle differences — the watermark in the background of the originals was visible and the blue ink on the copies was slightly darker.
 {¶ 6} Dr. Frederick Harris, who wrote the original prescriptions for George, testified that he also found the copies to be very similar to the originals. He testified that some of his prescription pads contained a watermark "ILLEGAL" on them. He further explained that if a photocopy was made on a color copier, the watermark would not appear, whereas copies made on a black and white copier would contain the watermark.
 {¶ 7} The trial court granted George's Crim.R. 29 motion to dismiss with regard to the charge of tampering with evidence. However, the court found George guilty on all three counts of illegal processing of drug documents. George raises two assignments of error on appeal.
 Application of R.C. 2925.23(B)(1) {¶ 8} In his first assignment of error, George argues the trial court erroneously held that making copies of prescriptions is a per se violation of R.C. 2925.23(B)(1). However, the State never argued such a per se rule applied, nor did the trial court find George guilty because he violated any per se rule. The trial court's guilty finding was based on the particular facts of this case.
 {¶ 9} George was convicted of three counts of illegal processing of drug documents in violation of R.C. 2925.23(B)(1), which provides that "no person shall intentionally make, utter, or sell, or knowingly possess any of the following that is a false or forged: (1) prescription." Thus, George was convicted of intentionally making false or forged prescriptions.
 {¶ 10} In State v. Black, Lorain App. No. 3272, 1982 Ohio App. LEXIS 13254, the court interpreted R.C. 2925.23(B)(1) and adopted the following definition of "false": "False means contrary to fact or truth. * * * False can also be a result or consequence of an unauthorized act or behavior in a particular circumstance * * *." "Forge" is defined in R.C.2913.01(G), which provides:
"`Forge' means to fabricate or create, in whole or in part and by anymeans, any spurious writing, or to make, execute, alter, complete,reproduce, or otherwise purport to authenticate any writing, when suchwriting in fact is not authenticated thereby."
See also, State v. Ferrette (1985), 18 Ohio St.3d 106, 109.
 {¶ 11} In determining intent, the court is not bound to rely solely on an accused's statements. Ohio Jury Instructions direct the fact finder as follows:
"The purpose with which a person (does an act) (brings about a result)is determined from the manner in which it is done, the (means)(weapons)used and all other factors and circumstances in evidence."
See also, State v. Finger, Cuyahoga App. No. 80691, 2003-Ohio-402;State v. Burger, Hamilton App. No. C-76216, 1977 Ohio App. LEXIS 8308.
 {¶ 12} Notwithstanding George's testimony to the contrary, the facts and circumstances in evidence demonstrate that George intended to use the copies for illegal purposes. There is no reasonable explanation for his making color copies of the prescriptions other than to use them illegally. The top of the original prescriptions specifically stated, "Rx ILLEGAL IF NOT SAFETY BLUE BACKGROUND." Thus, George knew the prescriptions would be illegal without the blue background. The color copies not only contained the blue background, they did not include the "ILLEGAL" watermark, which is found on black and white copies. Thus, it appears that George purposely made color copies to circumvent the "ILLEGAL" watermark and maintain the blue background, giving the appearance of a genuine prescription.
 {¶ 13} Further, George cut the photocopied prescriptions into the exact size as the original prescriptions. As a result, the copies were practically indistinguishable from the originals. The indistinguishable nature of the copies suggests George purposely reproduced or forged copies of the prescriptions with the intent to pass them off as authentic prescriptions. Both Officer Anderson and Dr. Harris testified that it required close examination and comparison of the copies with the originals to distinguish which were the originals. There is no reasonable explanation for George's exact duplication of the original prescriptions other than to pass them off as authentic prescriptions.
 {¶ 14} Although George testified that he made the copies for the innocent purpose of obtaining price quotes from various pharmacies, his testimony is not credible in light of the efforts he took to create genuine-looking prescriptions. Moreover, his own witness, a pharmacy clerk, testified that if a pharmacy simply gives a price quote but does not fill the prescription, the pharmacy returns the prescription to the customer. Thus, the clerk's testimony demonstrated that a customer would not need copies of prescriptions to obtain prices.
 {¶ 15} Based on the evidence, the trial court was justified in disbelieving George's testimony and in finding beyond a reasonable doubt that George intentionally made a forged prescription. Thus, the court did not find George guilty simply because he made copies of the prescriptions; the court found he intentionally forged prescriptions for illegal purposes.
 {¶ 16} Accordingly, the first assignment of error is overruled.
 Constitutionality of R.C. 2925.23(B)(1) {¶ 17} In his second assignment of error, George argues R.C.2925.23(B)(1) is unconstitutionally vague and overbroad because it creates a per se rule prohibiting the copying of prescriptions. In other words, George claims R.C. 2925.23(B)(1) is unconstitutionally vague and overbroad because it creates criminal liability for simply making a copy of a prescription.
 {¶ 18} However, the statute does not create a per se rule because it expressly states that the accused must intentionally "make, utter, or sell, or knowingly possess * * * a false or forged prescription." In order to obtain a conviction under this statute, the State must prove, beyond a reasonable doubt, that the accused acted intentionally.
 {¶ 19} Moreover, George raises his constitutional challenge for the first time on appeal. "The general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, quoting State v. Awan (1986), 22 Ohio St.3d 120. Likewise, "`[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.'" Id. In a criminal prosecution, the question of the constitutionality of a statute must generally be raised in the trial court. Id. Because George never raised this argument in the trial court, we will not address it on appeal.
 {¶ 20} Accordingly, the second assignment of error is overruled.
Judgment affirmed.
Anne L. Kilbane, P.J. and Sean C. Gallagher, J. Concur