[Cite as *State v. Lear*, 2016-Ohio-2675.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MICAH LEAR | : | Case No. 15-CA-72 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                  Municipal Court, Case No.
                                  13CRB00090

JUDGMENT:                         Reversed, Final judgment entered

DATE OF JUDGMENT:                 April 21, 2016

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

TRICIA M. MOORE                         MICHAEL R. DALSANTO
Assistant Law Director                  3 South Park Place, Suite 220
40 W. Main Street                       Newark, Ohio 43055
Newark, Ohio 43055

*Baldwin, J.*

{¶1}   Appellant Micah Lear appeals a judgment of the Licking County Municipal Court convicting him of theft (R.C. 2913.02) and sentencing him to thirty days incarceration.  Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   On January 13, 2013, Officer Phillips of the Newark Police Department was called to Walmart in Newark, Ohio, in reference to a possible shoplifter.  At the store he met with a loss prevention officer, who stated that he observed two men in the electronics department.  One of the men, who was later identified as appellant, was cutting open merchandise and concealing it on his person.  The suspects eventually made their way to an exit and appellant was observed passing the last point of sale without paying for the concealed items.  He was apprehended and the stolen property was taken from him.

{¶3}   Appellant was charged with theft and a jury trial was scheduled for April 4, 2013.  Appellant failed to appear and a bench warrant was issued.  Jury trial was rescheduled for September 26, 2013.  Appellant again failed to appear, and a bench warrant was issued.  Appellant was arrested on a felony charge on December 30, 2013, and the court reactivated the instant case.  Jury trial was scheduled for February 27, 2014.  Appellant filed a motion to schedule the case for a change of plea hearing, and the change of plea hearing and sentencing was set for March 26, 2014.

{¶4}   On March 13, 2014, the Licking County Court of Common Pleas sentenced appellant to eighteen months in prison.  Because he had been transported to prison,

appellant failed to appear for his March 26, 2014 change of plea hearing, and the court issued a bench warrant on May 8, 2014.

{¶5}   After arriving in prison, appellant forwarded a request for final disposition of his case to the Records Department in his facility.  The form, which appears to be provided by the Ohio Department of Rehabilitation and Control (ODRC), states, "If you have outstanding charges that you wish to dispose of while you are incarcerated, please provide the following information to the Central Record Office-Detainer Section at OSC."  Appellant filled in the county and city of his offense, and included the case number of the instant case.  He noted that it was a misdemeanor offense of theft.  The form was dated April 4, 2014.  The form further stated, "Once this form is filled out, sent [sic]it to the Central Record Office – Detainer Section, via kite.  The Central Record Office will contact the appropriate authorities.  You will be notified and offered a fast and speedy trial under R.C. 2941.401 . . . if it is an untried indictment or complaint."

{¶6}   The form reflects that it was filed in the Bureau of Records Management on April 10, 2014.  On April 15, 2014, ODRC sent a letter to the Newark Police Department requesting information relating to appellant's warrant status.  The letter stated that the office had received information from appellant that he may have pending charges with the police department, and to advise if they wish to have a detainer placed on appellant.  No other action appears to have been taken with respect to appellant's request.

{¶7}   Appellant completed his felony prison sentence in July of 2015.  Because he had an active warrant, he was transported to the Licking County Municipal Court on July 28, 2015.  On September 10, 2015, appellant filed a motion to dismiss on speedy

trial grounds, arguing that his prosecution was barred by R.C. 2941.401. The trial court summarily overruled the motion the same day.

{¶8} Appellant entered a plea of no contest. At sentencing, the court stated its reasons for overruling the motion to dismiss:

And just to supplement the record, the court would note that the basis for the denial was that the whole issue of the speedy trail [sic] demand is notice to The State, through no fault of its own, The State was not advised of Mr. Lear's demand for speedy trial, and The Court finds that he did not therefore comply with the requirements of the statute. I think it's 2945.041, something along those lines. I'm thinking off the top of my head. Anyway, so as to not be accused of acting arbitrarily or capriciously, the court's basis of denying it, is the fact that the requirements of the statute weren't met. And I think I would even concede that, that was no fault of Mr. Lear's. However, The State shouldn't be prejudiced anymore by the warden's failure because it wasn't their fault the warden didn't do what he was supposed to do either. Just like it wasn't Mr. Lear's fault. Now there may be recourse for Mr. Lear against the warden, I don't know. But for what's before this court, that's the basis for this court's ruling.

{¶9} The court convicted appellant upon his plea and sentenced him to thirty days incarceration, with one day of jail time credit. Appellant assigns three errors:

{¶10} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED APPELLANT'S MOTION TO DISMISS; THE APPELLANT COMPLIED WITH R.C.§2941.401 WHEN HE DELIVERED A REQUEST

TO THE WARDEN AND THE COURT SHOULD HAVE GRANTED THE MOTION TO DISMISS.

{¶11} "II.   ASSUMING ARGUENDO THAT THE TRIAL COURT DID NOT MAKE SUFFICIENT FACTUAL FINDINGS RELATING TO THE APPELLANT'S DELIVERY OF THE NOTICE AND DEMAND, THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S REQUEST FOR AN ORAL HEARING ON THE MOTION TO DISMISS.

{¶12} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED THE APPELLANT'S REQUEST FOR SEVENTY-TWO (72) DAYS OF JAIL TIME CREDIT."

I.

{¶13} In his first assignment of error, appellant argues that the court erred in failing to dismiss the complaint on speedy trial grounds pursuant to R.C. 2941.401, which reads:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall

be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

{¶14} The Ohio Supreme Court has held that, pursuant to R.C. 2941.401, the initial duty is placed on the defendant to notify the prosecutor and the court of his place of incarceration and to request final disposition of outstanding charges. *State v. Hairston,* 101 Ohio St.3d 308, 804 N.E.2d 471, 2004-Ohio-969. "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." *Id.* at 311, 804 N.E.2d 471. This Court has previously held that the act of giving or sending the written notice and request for disposition to the warden satisfies the "causes to be delivered" requirement of the statute. *State v. Colon,* 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶26. We concluded that ruling otherwise circumvents the remedy afforded an inmate under R.C. 2941.401, by allowing the warden to ignore or delay an inmate's request for final disposition. *Id. "*The right of a defendant to a speedy trial should not be excused by the failure of a state agent to perform his statutory duty. " *Id.*

{¶15} The State relies on the Fourth District's opinion in *State v. Adams,* 4th Dist. Highland No. 15 CA 0001, 2015-Ohio-4720. In that case, the defendant used a form that was identical in language to the form used in the instant case. However, Adams did not specifically reference a case number, but represented that he believed he had a grand theft charge dating from July or August. The form was sent from the Records Office to the Common Pleas Court, accompanied by a letter advising that the office had been informed that there may be outstanding charges pending against Adams. In finding that Adams had not complied with R.C. 2941.401, the court held:

We agree with the trial court that although this may have been a first step in the process, it by no means completed the process of officially requesting, pursuant to R.C. 2941.401, a final disposition or trial on pending charges or an untried indictment. In fact, the warden had no official knowledge that Appellant had a pending untried indictment, as contemplated in the statute. It appears the letter was sent to confirm or verify that one existed. Both the letter and the form indicate that a formal request for a final disposition would be offered or made available if it was confirmed that there existed an untried indictment, not that the letter or form were then requesting a final disposition. We simply cannot conclude that the paperwork that was provided by Appellant and mailed by the prison was sufficient to trigger the running of speedy trial time. Although Appellant did make some effort, unlike *Hairston,* we do not believe his actions strictly complied with the requirements of R.C. 2941.401. See, *State v. Colon,* 5th Dist. Stark No. 09CA232, 2010–Ohio–2326, ¶ 21 ("[w]here an inmate makes an application under R.C. 2941.401, strict compliance by the inmate with the notice and information requirements in the statute are necessary in order for the inmate to take advantage of the subsequent burden placed on the warden and hence the state."); *State v. Gill,* 8th Dist. Cuyahoga No. 82742, 2004–Ohio–1245, ¶ ¶ 12, 17 (expressly declining to adopt a "substantial compliance" standard, but finding the defendant fully complied with the statutory requirements of R.C. 2941.401).

{¶16}  *Id.* at ¶13.

{¶17} In the instant case, unlike the defendant in *Adams,* appellant provided an accurate case number. The letter forwarded to the Newark Police Department does not request a speedy trial, and we find this letter to be irrelevant to our analysis. As we held in *Colon, supra,* the act of giving or sending the written notice and request for disposition to the warden satisfies the "causes to be delivered" requirement of the R.C. 2941.401. If the notice sent by appellant is sufficient to trigger the speedy trial time set forth in the statute, the letter sent by the ORDC upon receipt of the appellant's request is irrelevant to a discussion of whether or not appellant complied with the statute.

{¶18} Therefore, we limit our discussion to the form submitted by appellant and whether that form was sufficient to trigger the speedy trial time set forth in the statute. Although untitled, the form states at the top that if the prisoner has outstanding charges that he wished to dispose of while incarcerated, to provide the following information. Appellant specifically referenced the instant case by case number and set forth the county, city and state of the offense. The language on the form instructed the prisoner to send the completed form to the Central Record Office – Detainer Section, via kite. The form further recited, "The Central Record Office *will* contact the appropriate authorities. You *will be notified and offered a fast and speedy trial under R.C. 2941.401* . . . if it is an untried indictment or complaint (emphasis added)." We disagree with the conclusion of the Fourth District that the form is a mere first step in the process. If the appropriate information is provided, and it was in the instant case, the form represents to the prisoner that the proper authorities will be notified and he will be offered a speedy trial pursuant to R.C. 2941.401. Nothing in the language of the form suggests that this is a mere first step

in the process and the inmate has to do something further to receive speedy resolution of his or her pending cases.

{¶19} As appellant caused written notice and request for disposition of his case to be delivered to the warden, he satisfied the requirements of R.C. 2941.401, and his speedy trial time began to run on April 10, 2014, the date the notice was received by the prison records office. The failure of the warden to properly complete the process is charged to the State, not to appellant pursuant to our decision in *Colon, supra.* Appellant clearly was not tried within 180 days of the delivery of this notice, as his trial did not proceed until September 22, 2015. The court erred in overruling appellant's motion to dismiss.

{¶20} The first assignment of error is overruled.

{¶21} Appellant's second and third assignments of error are rendered moot by our disposition of the first assignment of error.

{¶22} The judgment of the Licking County Municipal Court is reversed. Pursuant to App. R. 12(B), we hereby enter final judgment dismissing the complaint against appellant. Costs are assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.