[Cite as *State v. Spencer*, 2017-Ohio-59.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SCOTT W. SPENCER | : | Case No. 16 CAA 04 0019 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County
Court of Common Pleas, Case No.
15-CR-I-07-0318

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     January 6, 2017

APPEARANCES:

For Plaintiff-Appellee

CAROL O'BRIEN
Delaware County Prosecuting Attorney

By: KYLE E. ROHRER
Assistant Prosecuting Attorney
140 N. Sandusky St., 3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

LINDA I. KENDRICK
79 North Sandusky Street
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}    Appellant Scott W. Spencer appeals a judgment of the Delaware County Common Pleas Court convicting him of forgery (R.C. 2913.31(A)(3)) and sentencing him to twelve months incarceration.  Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant was indicted on two counts of unlawful sexual conduct with a minor in Delaware County Common Pleas Court number 14-CR-I-08-0373.  The case was set for jury trial on April 14, 2015.  On the morning of trial, appellant presented an Affidavit of Disqualification to the court pursuant to R.C. 2701.03.  Appellant filed the affidavit with the Ohio Supreme Court on April 13, 2015.  R.C. 2701.03 requires an Affidavit of Disqualification to be filed at least seven days before the next scheduled hearing in the case.  The typed document showed the trial date as April 14, 2015; however, a handwritten alteration changed the "one" to a "two," thus altering the trial date to April 24, 2015 on the face of the document.  The document was notarized.

{¶3}    When appellant presented the affidavit on the morning of trial, the court continued the trial pending resolution of the affidavit.  The court then called an alternate trial set for the same day at the same time.  However, because neither the State nor defense counsel on the alternate case expected appellant's trial to be continued, neither were prepared to proceed and the court continued that case as well.  The court dismissed the jury venire, who were compensated in a total amount of $1175.00.

{¶4}    Appellant was indicted on one count of forgery on July 17, 2015.  On December 1, 2015, appellant completed a demand for disposition of pending indictments and submitted the document to the Ohio Department of Rehabilitation and Corrections

(hereinafter ODRC). The document was witnessed by another person who signed the document on December 1, 2015, and the document contains a handwritten note that reads, "fast and speedy demand made 8/3/2015." This document was received by the court and the prosecutor on December 7, 2015.

{¶5} Appellant's trial began on April 14, 2016. He moved to dismiss the case for violation of his right to a speedy trial, arguing that he sent his first demand for speedy trial to ODRC on August 3, 2015. However, appellant did not present any evidence to support this claim other than the handwritten notation on the December 1, 2015 demand, and the court denied the motion to dismiss.

{¶6} The case proceeded to jury trial, and appellant was convicted as charged. The court sentenced him to twelve months incarceration and ordered him to pay restitution in the amount of $1175.00. He assigns five errors on appeal to this Court:

{¶7} "I.   THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO DISMISS THE INDICTMENT AS THE STATE VIOLATED DEFENDANT-APPELLANT'S RIGHT TO A SPEEDY TRIAL.

{¶8} "II.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED ARBITRARY AND UNREASONABLE TIME LIMITS ON VOIR DIRE.

{¶9} "III.  THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR DISMISSAL UNDER RULE 29(A).

{¶10} "IV.   THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ARBITRARILY SENTENCED DEFENDANT TO THE MAXIMUM SENTENCE.

{¶11} "V.   THE ORDER OF RESTITUTION WAS NOT SUPPORTED BY THE EVIDENCE."

I

{¶12}  In his first assignment of error, appellant argues that the court erred in failing to dismiss the complaint on speedy trial grounds pursuant to R.C. 2941.401, which reads:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate

prosecuting attorney and court by registered or certified mail, return receipt requested.

The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

{¶13} The Ohio Supreme Court has held that, pursuant to R.C. 2941.401, the initial duty is placed on the defendant to notify the prosecutor and the court of his place of incarceration and to request final disposition of outstanding charges. *State v. Hairston,* 101 Ohio St.3d 308, 804 N.E.2d 471, 2004–Ohio–969. "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." *Id.* at 311, 804 N.E.2d 471. This Court has previously held that the act of giving or sending the written notice and request for disposition to the warden satisfies the "causes to be delivered" requirement of the statute. *State v. Colon,* 5th Dist. Stark No. 09–CA–232, 2010–Ohio–2326, ¶ 26. We

concluded that ruling otherwise circumvents the remedy afforded an inmate under R.C. 2941.401, by allowing the warden to ignore or delay an inmate's request for final disposition. *Id.* "The right of a defendant to a speedy trial should not be excused by the failure of a state agent to perform his statutory duty." *Id. See also, State v. Lear,* 5th Dist. Licking No. 15-CA-72, 2016-Ohio-2675.

{¶14}  The record reflects that appellant sent a notice of imprisonment and request for final disposition to the warden on December 1, 2015.  That document includes a handwritten note that he had made a request for final disposition on August 3, 2015. Appellant made an oral representation to the trial court that he had submitted an earlier notice to the warden for disposition of his indictment; however, he could not produce the August 3, 2015 written request, and the record does not reflect that appellant complied with R.C. 2941.401 on August 3, 2015.  Based on the state of the record, the court did not err in finding that appellant's first proper request for final disposition was made on December 1, 2015.  His case proceeded to trial on April 14, 2016, well within 180 days after December 1, 2015.

{¶15}  The first assignment of error is overruled.

II.

{¶16}  In his second assignment of error, appellant argues that the court erred in limiting each side to ten minutes of questioning during voir dire.

{¶17} The scope of voir dire is within the trial court's discretion and varies depending on the circumstances of each case. *State v. Bedford*, 39 Ohio St.3d 122, 129, 529 N.E.2d 913, 920 (1988).  Any limits placed thereon must be reasonable. *Id.*

{¶18}  The trial court conducted its own voir dire of the jury, following which he limited each attorney to ten minutes of questioning.  The court told the parties that if a subject came up which required an extension of that ten minutes, the court would consider a request for more time.

{¶19}  The record does not reflect that counsel for appellant requested more time, or lacked sufficient time to properly voir dire the jury.  Further, as to two of the jurors for which questions were raised during voir dire, the court conducted further questioning following the parties' questions, and allowed counsel for appellant to ask additional questions.  Appellant has not demonstrated that the trial court abused its discretion in its limitation of voir dire in the instant case.

{¶20}  The second assignment of error is overruled.

III.

{¶21}  In his third assignment of error, appellant argues that the judgment convicting him of one count of forgery is not supported by sufficient evidence.  Specifically, he argues that creating a false affidavit of disqualification, while deceptive, does not meet the statutory definition of a forged document.

{¶22}  An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶23}  Appellant was convicted of forgery in violation of R.C. 2913.31(A)(3):

(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:

(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.

{¶24} R.C. 2913.01, the definitional statute for R.C. 2913.31, defines "defraud" as "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another."  R.C. 2913.01(B).  "Forge" is defined as "to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct."  R.C. 2913.01(G).  "Utter" means "to issue, publish, transfer, use, put or send into circulation, deliver, or display."  R.C. 2913.01(H).

{¶25} The State notes that under a former version of the statute, the act of providing false documents to a court during the course of judicial proceedings was specifically defined as forgery.  However, the current version of the statute does not expressly define the crime of forgery to include the making of a false statement in the record of a judicial proceeding.

{¶26} In the instant case, the conduct that the State alleged constituted the act of forgery was appellant creating an affidavit of disqualification in which he represented that the date of the next hearing in the case was April 24, when in fact it was April 14. Appellant argues that the definition of "forge" requires that the maker fabricate or create a "spurious" document, and not merely a document containing a false statement.

"Spurious" is defined by Black's Law Dictionary as "deceptively suggesting an erroneous origin; fake." Black's Law Dictionary (10th ed. 2014).

{¶27} In *State v. Bosak,* 8th Dist. Cuyahoga No. 46478, 1984 WL 4541 (March 8, 1984), the defendant had presented a vehicle to the Ohio State Highway Patrol for inspection. On the inspection form, the defendant had falsely represented what parts had been repaired or replaced on said vehicle. The Court of Appeals found that the inspection form was not a spurious document, as it was in fact what it purported to be:  a vehicle inspection form. The fact that false statements were contained therein did not make the document spurious, and while the defendant could perhaps have been convicted of falsification, his conduct did not meet the statutory definition of forgery. *Id.*

{¶28} However, one year later, the Ohio Supreme Court held that the alteration of a lottery ticket to create the impression that it has never been cashed and may still be redeemed, and the presentation of such ticket for purposes of receiving cash, knowing that it has been so altered, constitute forgery under R.C. 2913.31(A)(2) and uttering under R.C. 2913.31(A)(3), rejecting the defendant's argument that the tickets were in fact what they were purported to be, and were not "spurious" as defined by the statute merely because they contained a false statement. *State v. Ferrette*, 18 Ohio St.3d 106, 480 N.E.2d 399, paragraph 2 of the syllabus (1985).

{¶29} Based on the Supreme Court's interpretation of the forgery statute in *Ferrette,* the Ninth District found the endorsement of a food stamp which had not been properly presented for food but had instead been purchased for cash to be a violation of the forgery statute. *State v. Habash,* 9th Dist. Summit No. 17073, 1996 WL 377522 (January 31, 1996).

{¶30}  The State presented evidence that the affidavit of disqualification had been notarized by Richard Elder.  Elder testified at trial that he would not have notarized the document had the date been handwritten, as it was when it was presented to the Supreme Court.  The State further presented evidence that appellant hand-delivered the document, with the date altered, to the clerk of the Ohio Supreme Court for filing.  Even though the document itself was what it purported to be – an affidavit of disqualification –pursuant to the Ohio Supreme Court's decision in *Ferrette, supra,* the State presented sufficient evidence to support appellant's conviction of forgery pursuant to R.C. 2913.31(A)(3) through evidence that appellant presented the affidavit, knowing that it was false, for the purpose of obtaining a continuance of his trial in Delaware County Common Pleas Court.

{¶31}  The third assignment of error is overruled.

IV.

{¶32}  Appellant argues that the court erred in sentencing him to the maximum sentence of twelve months incarceration.

{¶33}  The two-step approach set forth in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124 no longer applies to appellate review of felony sentences. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 59 N.E.3d 1231, 2016–Ohio–1002, ¶ 22.  R.C. 2953.08(G)(2) provides that we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28.

{¶34} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id .* at 477, 120 N.E.2d 118.

{¶35} R.C. 2929.12 lists general factors that must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶36} Under R.C. 2929.11(A), the "overriding purposes" of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A).

{¶37} Among the various factors that the trial court must consider and balance under R.C. 2929.12 are whether the offender has a history of criminal convictions,

whether the offender has not responded favorably to sanctions previously imposed by criminal convictions, and whether the offender shows genuine remorse for the offense. R.C. 2929.12.

{¶38}  R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, ¶ 38.

{¶39}  The trial court considered appellant's criminal history, including a 2008 conviction for giving false information to mislead a public official, and two convictions for unlawful sexual conduct with a minor.  Further, as an attorney, appellant had been disciplined for falsifying evidence.  The trial court further noted that appellant showed no genuine remorse for his crime and that he committed the forgery while out on bail for the pending charges of unlawful sexual conduct with a minor.  The court specifically noted on the record:

> The Court has reviewed the presentence investigation that was conducted in the previous case.  The Court finds that the nature of the criminal conduct in the present case is of significant magnitude.  Fraud on the court is an attack on the entire criminal justice system.  The Defendant's conduct runs counter to all of the training that he received in school that he may or may not have received in practice.

{¶40}  Tr. (Sent.) 14.

{¶41}  The trial court did not err in sentencing appellant to the maximum sentence of twelve months incarceration.  The fourth assignment of error is overruled.

V.

{¶42} In his final assignment of error, appellant argues that the court erred in ordering him to pay restitution for the cost of the jury venire brought in for his trial on April 14, 2015. He argues that the jury was brought in to serve on a second case on the same day, and the jury fees incurred by the court were therefore not incurred as a direct and proximate result of his conduct.

{¶43} R.C. 2929.18(A)(1) gives a trial court authority to impose financial sanctions against a defendant, including restitution:

Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the

offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶44} In *State v. Castaneda,* 168 Ohio App.3d 686, 2006-Ohio-5078, 861 N.E.2d 601, this Court found that an order of restitution must be supported by competent and credible evidence from which the trial court can discern the amount of restitution to a reasonable degree of certainty. *Castaneda,* ¶ 18, citing *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (1999). A trial court abuses its discretion if it orders restitution in an amount that does not bear a reasonable relationship to the actual loss suffered. *Id.*, citing *State v. Williams*, 34 Ohio App.3d 33, 516 N.E.2d 1270 (1986). The state bears the burden of establishing the restitution amount. *Id.*

{¶45} Appellant argues that the continuance of the second trial set to go forward on the same day as his trial was the cause of the economic loss to the court, and he should not be responsible for the $1175.00 in jury costs incurred on April 14, 2015. However, the record reflects that because the State did not anticipate a continuance of appellant's trial, the parties were unprepared to go forward on the alternate trial on the day in question. The trial court did not err in finding that the jury costs were incurred as a direct and proximate result of the commission of the offense of forgery.

{¶46} The fifth assignment of error is overruled.

{¶47} The judgment of the Delaware County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Farmer, P.J. and

Gwin, J. concur.